# EXHIBIT A

**(Proposed Revised Interim Customer Program Order)**

Case 23-10559-JKS    Doc 46-1    Filed 05/04/23    Page 1 of 5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LANNETT COMPANY, INC., *et al.*,[1] | ) | Case No. 23-10559 (JKS) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No. 10** |

### INTERIM ORDER (I) AUTHORIZING
### THE DEBTORS TO (A) MAINTAIN AND
### ADMINISTER THEIR CUSTOMER PROGRAMS
### AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS
### RELATED THERETO, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) maintain and administer the Customer Programs in the ordinary course of business and (ii) honor certain prepetition obligations related thereto, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc. (1425); and Kremers Urban Pharmaceuticals Inc. (0780). The location of the Debtors' service address is: 1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at __:__ .m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023 and shall be served on: (a) the Debtors, 1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053, Attn: General Counsel; (b) proposed counsel to the Debtors: (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Nicole L. Greenblatt, P.C.; (ii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Joshua M. Altman; and (iii) Fox Rothschild LLP, 919 Market Street, Suite 300, Wilmington, Delaware 19899, Attn.: Howard A. Cohen and Stephanie J. Slater; (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn. Joseph F. Cudia; and (d) any statutory committee appointed in these chapter 11 cases.

3. The Debtors are authorized, but not directed, to continue to administer the Customer Programs (including, but not limited to, those discussed in the Motion) currently in effect and honor any undisputed prepetition obligations related to the Customer Programs, in an

aggregate amount of cash and non-cash obligations not to exceed $54 million pending entry of the Final Order, in each case in the ordinary course of business, consistent with prepetition practices, and to modify, replace, or terminate any Customer Program in the ordinary course of business and the Debtors' customers are authorized, in the ordinary course of business, to offset mutual undisputed debts in connection with the Customer Programs, regardless of whether the debts arose prepetition or postpetition.  The Debtors will promptly make a supplemental disclosure to the extent it discovers any inadvertently omitted material Customer Programs.

4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order

5. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability

or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

6. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

7. The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

8. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.