IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LANNETT COMPANY INC., *et al.*,[1] | ) | Case No. 23-10559 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 18** |

**ORDER (I) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL AND PLAN CONFIRMATION HEARING, (II) APPROVING RELATED DATES, DEADLINES, NOTICES, AND PROCEDURES, (III) APPROVING THE SOLICITATION PROCEDURES AND RELATED DATES, DEADLINES, AND NOTICES, AND (IV) CONDITIONALLY WAIVING THE REQUIREMENTS THAT (A) THE U.S. TRUSTEE CONVENE A MEETING OF CREDITORS AND (B) THE DEBTORS FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) scheduling the Combined Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing related dates and deadlines, including the Objection Deadline, and approving related procedures, (c) approving the Solicitation Procedures, (d) approving the Solicitation Packages, (e) approving the form and manner of the Combined Hearing Notice and the Publication Notice, (f) approving the form of the Opt-Out Forms, (g) approving the form and manner of the Ballots; (h) provided that the Plan is confirmed within seventy-five days of the Petition Date, conditionally (A) directing that the U.S. Trustee not convene a Creditors' Meeting under section 341(e) of the Bankruptcy

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc. (1425); and Kremers Urban Pharmaceuticals Inc. (0780). The location of the Debtors' service address is: 1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Code, and (B) waiving the requirement that the Debtors file Schedules, SOFAs, and 2015.3 Reports, and (i) allowing the notice period for the Disclosure Statement and Combined Hearing to run simultaneously, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The following Confirmation Schedule is hereby approved:

| Event | Date |
|---|---|
| Voting Record Date | April 21, 2023 |
| Solicitation Commencement Date | May 2, 2023 |
| Petition Date | May 2, 2023 |
| Filing of Plan and Disclosure Statement | May 2, 2023 |
| Service of Opt-Out Forms | May 4, 2023 or as soon as reasonably practicable following approval of the Combined Hearing Notice |
| Service of Combined Hearing Notice | As soon as practicable following approval of the Combined Hearing Notice |
| Voting Deadline | May 16, 2023 at 5:00 p.m., prevailing Eastern Time |
| Plan Supplement Deadline | May 25, 2023 |
| Plan Objection Deadline and Opt-Out Deadline | June 1, 2023 |
| Deadline to File Tabulation Report | June 5, 2023 at 5:00 p.m., prevailing Eastern Time |
| Deadline to File Confirmation Brief and Reply | June 5, 2023 at 5:00 p.m., prevailing Eastern Time |
| Combined Hearing | June 8, 2023 at 2:30 p.m., prevailing Eastern Time |

3. The Combined Hearing, at which time this Court will consider, among other things, final approval of the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on **June 8, 2023, at 2:30 p.m., prevailing Eastern Time**. The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing, and notice of such adjourned date(s) will be available on the electronic case filing docket.

4. Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan shall be filed on or before **June 1, 2023, at 5:00 p.m., prevailing Eastern Time** (the "Objection Deadline").

5. Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting party and the amount and nature

of the Claim or Interest beneficially owned by such entity; (d) state the legal or factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with this Court with proof of service thereof.

6. Any brief in support of confirmation of the Plan and approval of the adequacy of the Disclosure Statement (including any reply to any objections) shall be filed no later than **June 5, 2023, at 5:00 p.m., prevailing Eastern Time**. Local Rule 9006-1 is modified to the extent necessary to implement the foregoing.

7. The Voting Record Date (April 21, 2023) and the Voting Deadline (May 16, 2023) are approved.

8. The Debtors will file an initial Plan Supplement by May 25, 2023.

9. Nothing in this Order constitutes a finding of fact or conclusion of law regarding whether the Debtors' proposed opt-out procedures establish consensual releases, and the rights of the U.S. Trustee and all other parties' in interests to object to confirmation on any and all grounds are fully reserved.

10. Subject to entry of the Confirmation Order, the form and service of each of (a) the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, (b) the Publication Notice, substantially in the form attached hereto as **Exhibit 2**, (c) the Solicitation Cover Letter, substantially in the form attached hereto as **Exhibit 3**, (d) the Opt-Out Forms, substantially in the form attached hereto as **Exhibit 4**, **4A**, **4B, 4C**, and **4D** and (e) the Ballots, substantially in the forms attached hereto as **Exhibits 5A**, **5B**, **6A**, and **6B**, each are conditionally determined to comply with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and are conditionally approved.

11. The notice provided by the Combined Hearing Notice and the Publication Notice of the matters set forth therein constitutes good and sufficient notice of such matters for all purposes and no other or further notice shall be necessary unless ordered by the Court. The notice procedures set forth herein constitute good and sufficient notice of the commencement of these chapter 11 cases and the Combined Hearing and the deadline and procedures for objecting to the adequacy of the Disclosure Statement and/or confirmation of the Plan.

12. Subject to entry of the Confirmation Order, the Solicitation Procedures are conditionally determined to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations, and are conditionally approved.

13. Subject to entry of the Confirmation Order, the procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided in the Ballots and Disclosure Statement are conditionally approved.

14. The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests that are (a) Unimpaired and conclusively presumed to accept the Plan or (b) Impaired and deemed to reject the Plan.

15. The U.S. Trustee is not required to (but may after consulting with the Debtors) convene a meeting of creditors pursuant to section 341(e) of the Bankruptcy Code unless the Plan does not go effective within seventy-five days following the Petition Date, without prejudice to the Debtors' right to request further extensions thereof.

16. Cause exists to waive the requirement that the Debtors file the Schedules, SOFAs, and 2015.3 Reports if the Plan goes effective within seventy-five days of the Petition Date, without prejudice to the Debtors' rights to request further extensions thereof; *provided* that this relief is

without prejudice to the Debtors' rights to request further extensions thereof by motion (including if the Debtors and the U.S. Trustee are unable to reach agreement pursuant to the preceding proviso).

17. The Debtors shall cause this Order to be posted on the Case Website as soon as practicable.

18. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

19. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: May 4th, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE