**<u>Exhibit 1</u>**

**Combined Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LANNETT COMPANY, INC., *et al.*,[1] | ) | Case No. 23-10559 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11
BANKRUPTCY CASES, (II) COMBINED HEARING ON THE DISCLOSURE
STATEMENT, CONFIRMATION OF THE JOINT PREPACKAGED CHAPTER 11 PLAN
AND RELATED MATTERS, AND (III) RELATED OBJECTION AND BRIEFING DEADLINES**

**NOTICE IS HEREBY GIVEN** as follows:

On May 2, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). Contemporaneously therewith, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* [Docket No. 16] (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "Plan") and the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* [Docket No. 17] (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "Disclosure Statement").[2]

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

**Copies of the Plan, the Disclosure Statement, and the other documents filed in these chapter 11 cases are accessible, free of charge, on the Debtors' restructuring website, https://omniagentsolutions.com/LCI. Printed copies of the Plan, the Disclosure Statement,**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc. (1425); and Kremers Urban Pharmaceuticals Inc. (0780). The location of the Debtors' service address is: 1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of certain provisions contained in the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

**and the other documents filed in these chapter 11 cases may be obtained free of charge by calling the Solicitation Agent at (888) 481-0009 (Toll-free from US / Canada) or +1 (747) 293-0012 (International).**  In addition, such documents are available for inspection for a fee on the Court's website at www.deb.uscourts.gov and are on file with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Eastern Time.

The Plan is a "prepackaged" plan of reorganization.  The Plan provides for, among other things, (a) a reduction of approximately $597 million of the Debtors' funded debt obligations, (b) a Takeback Exit Facility in the amount of $60 million, and (c) payment in full of all trade, customer, employee, and other non-funded debt claims.  The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays and additional costs, and, ultimately, would jeopardize recoveries for holders of allowed claims.

### Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing to consider the adequacy of the Disclosure Statement, any objections thereto, confirmation of the Plan, any objections thereto, any objections to the proposed assumption of Executory Contracts and Unexpired Leases, and any other matter that may properly come before the Court (the "Combined Hearing") will be held before the Honorable J. Kate Stickles, United States Bankruptcy Judge, in Courtroom 6 of the United States Bankruptcy Court, 824 North Market Street, Wilmington, Delaware, 19801, on **June 8, 2023, at 2:30 p.m., prevailing Eastern Time**.  Please be advised that the Combined Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on other parties entitled to notice.

### Information Regarding the Plan and Disclosure Statement

**Voting Record Date**. The voting record date was **April 21, 2023**, which was the date for determining which Holders of Claims in **Class 3** and **Class 4** of the Plan are entitled to vote.

**Objections to the Plan and Disclosure Statement**.  The deadline for filing objections (each, an "Objection") to confirmation of the Plan or the adequacy of the Disclosure Statement, or the proposed assumption of Executory Contracts and Unexpired Leases, is **June 1, 2023, at 5:00 p.m., prevailing Eastern Time** (the "Objection Deadline").  Any such Objections must: (a) be in writing; (b) comply with the Bankruptcy Rules and and other case management rules and orders of the Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objection; and (e) be filed with the Court with proof of service thereof and served upon the Notice Parties (as defined herein) so as to be actually received by the Objection Deadline.

Objections must be filed with the Court and served so as to be **actually received** no later than **June 1, 2023, at 5:00 p.m., prevailing Eastern Time**, by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases and the following parties (the "Notice

Parties"): (a) **the Debtors**, Lannett Company, Inc., 1150 Northbrook Drive, Ste 155, Trevose, Pennsylvania 19053, Attention: Samuel Israel (samuel.israel@lannett.com); (b) **Proposed Co-Counsel to the Debtors**, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attention: Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com), and 300 North LaSalle, Chicago, Illinois 60654, Attention: Joshua M. Altman (josh.altman@kirkland.com), and (ii) Fox Rothschild LLP, 919 N. Market St., Suite 300, Wilmington, DE 19899-2323, Attention: Howard A. Cohen (hcohen@foxrothschild.com) and Stephanie J. Slater (sslater@foxrothschild.com); (c) **Co-Counsel to the Consenting Stakeholders**, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attention: Ari B. Blaut (blauta@sullcrom.com) and Benjamin S. Beller (bellerb@sullcrom.com) and (ii) Potter Anderson & Corroon LLP, 1313 N. Market St., 6th Floor, Wilmington, DE 19801, Attn.: Christopher M. Samis (csamis@potteranderson.com), and R. Stephen McNeill (rmcneill@potteranderson.com); and (d) **the Office of the United States Trustee for the District of Delaware**, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Joseph F. Cudia (joseph.cudia@usdoj.gov).

Any brief in support of confirmation of the Plan and reply to any objections shall be filed by **June 5, 2023, at 5:00 p.m., prevailing Eastern Time**, or such other date as the Court may direct.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

### Summary of Plan Treatment

The following chart summarizes the treatment provided by the Plan to each Class of Claims against and Interests in the Debtors and indicates the voting status of each Class.

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 3 | First Lien Senior Secured Notes Claims | Impaired | Entitled to Vote |
| Class 4 | Second Lien Term Loan Claims | Impaired | Entitled to Vote |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 6 | Convertible Notes Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 7 | Intercompany Claims | Unimpaired/Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class 8 | Intercompany Interests | Unimpaired/Impaired | Not Entitled to Vote (Deemed to Accept or Reject) |
| Class 9 | Section 510(b) Claims | Impaired | Note Entitled to Vote (Deemed to Reject) |
| Class 10 | Existing Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

**Discharge, Injunctions, Exculpation, and Releases**

Please be advised that the Plan contains certain release, exculpation, discharge, and injunction provisions as follows:

**Relevant Definitions**

"Exculpated Parties" means collectively, and in each case in its capacity as such, the Debtors and each Related Party of the Debtors; *provided* that Exculpated Parties shall not include non-Debtor Affiliates and such non-Debtor Affiliates' Related Parties.

"Released Party" means each of, and in each case in their capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Stakeholders; (d) the Agents; (e) the Releasing Parties; and (f) each Related Party of each Entity in clause (a) through this clause (e); provided, that any Holder of a Claim or Interest that opts out of the releases contained in the Plan shall not be a "Released Party."

"Releasing Parties" means each of, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Stakeholders; (d) the Agents; (e) all Holders of Claims that vote to accept the Plan; (f) all Holders of Claims or Interests that are presumed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (h) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (i) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (k) each Related Party of each Entity in clauses (a) through (i) for which such Entity is legally entitled to bind such Related Party to the releases contained in the Plan under applicable law; provided that, for the avoidance of doubt, each Holder of Claims and/or Interests that is party to or has otherwise signed the Restructuring Support Agreement shall not opt out of the releases.

**RELEASES BY THE DEBTORS**

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed, hereby conclusively, absolutely,**

unconditionally, irrevocably and forever released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate's representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against or Interest in a Debtor or other Entity, or that any holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan; or (c) any matters retained by the Debtors and the Reorganized Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for a hearing; and (f)

a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

## RELEASES BY THE RELEASING PARTIES

As of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; or (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and

opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

## EXCULPATION

Notwithstanding anything contained in the Plan to the contrary, to the fullest extent permitted by applicable law, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to or arising out of the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## INJUNCTION

Effective as of the Effective Date, all Entities that have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities; (4) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities unless such Holder has filed a motion requesting the right to perform such setoff on or before

**the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities released, settled or subject to exculpation pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the Takeback Exit Facility and the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement, the Takeback Exit Facility, and the New RCF, as applicable) executed to implement the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.F of the Plan.**

## DISCHARGE OF CLAIMS AND TERMINATION OF INTERESTS

Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Restructuring Documents, the Plan, or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims (other than the Reinstated Claims) and Interests (other than the Intercompany Interests that are Reinstated) subject to the occurrence of the Effective Date, except

as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan.

## RELEASE OF LIENS

**Except as otherwise provided in the Takeback Exit Documents and the New RCF Documents, as applicable, the Plan, the Confirmation Order, or in any contract, instrument, release, or other agreement or document created or entered into pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, except for Other Secured Claims that the Debtors elect to Reinstate in accordance with this Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns. Any Holder of such Secured Claim (and the applicable agents for such Holder) shall be authorized and directed, at the sole cost and expense of the Reorganized Debtors, to release any collateral or other property of any Debtor (including any cash collateral and possessory collateral) held by such Holder (and the applicable agents for such Holder), and to take such actions as may be reasonably requested by the Reorganized Debtors to evidence the release of such Liens and/or security interests, including the execution, delivery, and filing or recording of such releases. The presentation or filing of the Confirmation Order to or with any federal, state, provincial, or local agency, records office, or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens.**

**To the extent that any Holder of a Secured Claim that has been satisfied or discharged in full pursuant to the Plan, or any agent for such Holder, has filed or recorded publicly any Liens and/or security interests to secure such Holder's Secured Claim, then as soon as practicable on or after the Effective Date, such Holder (or the agent for such Holder) shall, at the sole cost and expense of the Reorganized Debtors, take any and all steps reasonably requested by the Debtors, the Reorganized Debtors, the Takeback Exit Facility Agent, or the New RCF Agent, as applicable, that are necessary or desirable to record or effectuate the cancelation and/or extinguishment of such Liens and/or security interests, including the making of any applicable filings or recordings, and the Reorganized Debtors shall be entitled to make any such filings or recordings on such Holder's behalf.**

## SETOFFS AND RECOUPMENT

Except as expressly provided in this Plan, each Reorganized Debtor may, pursuant to section 553 of the Bankruptcy Code, set off and/or recoup against any Plan Distributions to be made on account of any Allowed Claim, any and all Claims, rights, and Causes of Action that such Reorganized Debtor may hold against the Holder of such Allowed Claim to the extent such setoff or recoupment is either (1) agreed in amount among the relevant Reorganized Debtor(s) and the Holder of the Allowed Claim or (2) otherwise adjudicated by the Bankruptcy Court or another court of competent jurisdiction; *provided* that neither the failure to effectuate a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by a

Reorganized Debtor or its successor of any and all claims, rights, and Causes of Action that such Reorganized Debtor or its successor may possess against the applicable Holder.  In no event shall any Holder of a Claim be entitled to recoup such Claim against any claim, right, or Cause of Action of the Debtors or the Reorganized Debtors, as applicable, unless such Holder actually has performed such recoupment and provided notice thereof in writing to the Debtors in accordance with Article XIII.F of the Plan on or before the Effective Date, notwithstanding any indication in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of recoupment.

## Assumption and Rejection of Executory Contracts and Unexpired Leases

On the Effective Date, except as otherwise provided in Article V.H.1 of the Plan and elsewhere herein, all Executory Contracts or Unexpired Leases not otherwise assumed or rejected (to the extent applicable) will be deemed assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that are:  (1) identified on the Rejected Executory Contracts and Unexpired Leases Schedule (if any); (2) previously expired or terminated pursuant to their own terms; (3) have been previously assumed or rejected (to the extent applicable) by the Debtors pursuant to a Final Order; (4) are the subject of a motion to reject that is pending on the Effective Date; or (5) have an ordered or requested effective date of rejection that is after the Effective Date.

Entry of the Confirmation Order shall constitute an order of the Bankruptcy Court approving the assumptions, assumptions and assignments, and related Cure amounts with respect thereto, or rejections (to the extent applicable) of the Executory Contracts or Unexpired Leases as set forth in the Plan or the Schedule of Proposed Cure Amounts or the Rejected Executory Contracts and Unexpired Leases Schedule (if any), pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Except as otherwise specifically set forth herein or in the Plan Supplement, assumptions or rejections (to the extent applicable) of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date.  Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall re-vest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption.  Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by the Reorganized Debtors.

Except as otherwise provided herein or agreed to by the Debtors (with the consent of the Required Consenting Stakeholders, which consent shall not be unreasonably withheld) and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests.  Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.

To the maximum extent permitted by law, to the extent any provision in any Executory Contract or Unexpired Lease assumed or assumed and assigned pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption or assumption and assignment of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.

Notwithstanding anything to the contrary in the Plan, the Debtors or the Reorganized Debtors, as applicable, reserve the right to alter, amend, modify, or supplement the Rejected Executory Contracts and Unexpired Leases Schedule (if any) or Schedule of Proposed Cure Amounts, with the consent of the Required Consenting Stakeholders (which consent shall not be unreasonably withheld) at any time up to forty-five (45) days after the Effective Date. The Debtors or the Reorganized Debtors, as applicable, shall file with the Bankruptcy Court and serve on the applicable counterparty notice regarding any change to the Rejected Executory Contracts and Unexpired Leases Schedule (if any) or the Schedule of Proposed Cure Amounts, as applicable, and the counterparty shall have fourteen (14) days from service of such notice to file an objection with the Bankruptcy Court.

To the extent any provision of the Bankruptcy Code or the Bankruptcy Rules requires the Debtors to assume or reject an Executory Contract or Unexpired Lease, such requirement shall be satisfied if the Debtors make an election to assume or reject such Executory Contract or Unexpired Lease prior to the deadline set forth by the Bankruptcy Code or the Bankruptcy Rules, as applicable, regardless of whether or not the Bankruptcy Court has actually ruled on such proposed assumption or rejection prior to such deadline.

If certain, but not all, of a contract counterparty's Executory Contracts or Unexpired Leases are assumed pursuant to the Plan, the Confirmation Order shall be a determination that such counterparty's Executory Contracts or Unexpired Leases that are being rejected pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and/or Unexpired Leases that are being assumed pursuant to the Plan. Parties seeking to contest this finding with respect to their Executory Contracts and/or Unexpired Leases must file a timely objection to the Plan on the grounds that their agreements are integrated and not severable, and any such dispute shall be resolved by the Bankruptcy Court at the Confirmation Hearing (to the extent not resolved by the parties prior to the Confirmation Hearing).

[*Remainder of page intentionally left blank*]

Dated:  May 4, 2023                 */s/ Howard A. Cohen*
Wilmington, Delaware                Howard A. Cohen (DE Bar No. 4082)
                                    Stephanie J. Slater (DE Bar No. 6922)
                                    **FOX ROTHSCHILD LLP**
                                    919 North Market Street
                                    Suite 300
                                    Wilmington, Delaware 19899
                                    Telephone:    (302) 654-7444
                                    Facsimile:    (302) 656-8920
                                    Email:        hcohen@foxrothschild.com
                                                  sslater@foxrothschild.com

                                    -and-


                                    Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
                                    **KIRKLAND & ELLIS LLP**
                                    **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                    601 Lexington Avenue
                                    New York, New York 10022
                                    Telephone:    (212) 446-4800
                                    Facsimile:    (212) 446-4900
                                    Email:        nicole.greenblatt@kirkland.com

                                    -and-


                                    Joshua M. Altman (*pro hac vice* pending)
                                    **KIRKLAND & ELLIS LLP**
                                    **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                    300 North LaSalle Street
                                    Chicago, Illinois 60654
                                    Telephone:    (312) 862-2000
                                    Facsimile:    (312) 862-2200
                                    Email:        josh.altman@kirkland.com


                                    *Proposed Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit 2

### Publication Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LANNETT COMPANY, INC., *et al.*,[1] | ) | Case No. 23-10559 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF COMMENCEMENT OF PREPACKAGED CHAPTER 11
BANKRUPTCY CASES AND COMBINED HEARING ON DISCLOSURE
STATEMENT AND CONFIRMATION OF JOINT PREPACKAGED CHAPTER 11 PLAN**

**TO:    ALL HOLDERS OF CLAIMS, HOLDERS OF INTERESTS, AND PARTIES IN
INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**PLEASE TAKE NOTICE THAT** on May 2, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). Contemporaneously therewith, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* [Docket No. 16] (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "Plan") and the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* [Docket No. 17] (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "Disclosure Statement").[2]

**PLEASE TAKE NOTICE THAT copies of the Plan, the Disclosure Statement, and the other documents filed in these chapter 11 cases are accessible, free of charge, on the Debtors' restructuring website, https://omniagentsolutions.com/LCI. Printed copies of the Plan, Disclosure Statement, and the other documents filed in these chapter 11 cases may be obtained free of charge by calling the Solicitation Agent at (877) 709-4750 (Toll-free from US / Canada) or +1 (424) 236-7230 (International).** In addition, such documents are available

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc. (1425); and Kremers Urban Pharmaceuticals Inc. (0780).  The location of the Debtors' service address is:  1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of certain provisions contained in the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

for inspection for a fee on the Court's website at www.deb.uscourts.gov and are on file with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 8:00 a.m. to 4:00 p.m., prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider the adequacy of the Disclosure Statement, any objections thereto, confirmation of the Plan, any objections thereto, any objections to the proposed assumption of Executory Contracts and Unexpired Leases, and any other matter that may properly come before the Court (the "Combined Hearing") will be held before the Honorable J. Kate Stickles, United States Bankruptcy Judge, in Courtroom 6 of the United States Bankruptcy Court, 824 North Market Street, Wilmington, Delaware, 19801, on **June 8, 2023, at 2:30 p.m., prevailing Eastern Time**. Please be advised that the Combined Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on other parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** objections (each, an "Objection") to the confirmation of the Plan, adequacy of the Disclosure Statement, or proposed assumption of Executory Contracts and Unexpired Leases must:  (a) be in writing; (b) comply with the Bankruptcy Rules and other case management rules and orders of the Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objection; and (e) be filed with the Court with proof of service thereof and served upon the Notice Parties so as to be actually received by the Objection Deadline (each as defined herein).

**PLEASE TAKE FURTHER NOTICE THAT** Objections must be filed with the Court and served so as to be **actually received** no later than **June 1, 2023, at 5:00 p.m., prevailing Eastern Time** (the "Objection Deadline") by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases and the following parties (the "Notice Parties"):  (a) **the Debtors**, Lannett Company, Inc., 1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053, Attention: Samuel Israel (samuel.israel@lannett.com); (b) **Proposed Co-Counsel to the Debtors**, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attention:  Nicole L. Greenblatt, P.C. (nicole.greenblatt@kirkland.com) and 300 North LaSalle, Chicago, Illinois 60654, Attention: Joshua M. Altman (josh.altman@kirkland.com) and (ii) Fox Rothschild LLP, 919 N. Market St., Suite 300, Wilmington, DE 19899-2323, Attention:  Howard A. Cohen (hcohen@foxrothschild.com) and Stephanie J. Slater (sslater@foxrothschild.com); (c) **Co-Counsel to the Consenting Stakeholders**, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attention: Ari B. Blaut (blauta@sullcrom.com) and Benjamin S. Beller (bellerb@sullcrom.com) and (ii) Potter Anderson & Corroon LLP, 1313 N. Market St., 6th Floor, Wilmington, DE 19801, Attn.:  Christopher M. Samis (csamis@potteranderson.com), and R. Stephen McNeill (rmcneill@potteranderson.com); and (d) **the Office of the United States Trustee for the District of Delaware**, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Joseph F. Cudia (joseph.cudia@usdoj.gov).

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

## Exhibit 3

**Solicitation Cover Letter**



May 1, 2023

To:    HOLDERS OF FIRST LIEN SENIOR SECURED NOTES CLAIMS AND SECOND LIEN
TERM LOAN CLAIMS

Reference is made to the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as may be altered, amended, supplemented, or modified from time to time in accordance with its terms, and including all exhibits and supplements thereto, the "Disclosure Statement"), a copy of which is attached hereto.[1]  As explained in further detail in the Disclosure Statement, on April 30, 2023, after engaging in extensive, arm's-length, good-faith negotiations, Lannett Company, Inc. and certain of its affiliates (collectively, the "Debtors")[2] entered into a restructuring support agreement (the "Restructuring Support Agreement") and, the transactions contemplated thereby, the "Restructuring Transactions") with certain of the Debtors' key economic stakeholders (the "Consenting Stakeholders").

Pursuant to the Restructuring Support Agreement, the Restructuring Transactions are supported by Holders of more than 80 percent in principal amount of the First Lien Senior Secured Notes Claims and 100 percent in principal amount of the Second Lien Term Loan Claims.  The Restructuring Transactions provide for, among other things, a reduction of approximately $597 million of the Debtors' funded debt obligations and entry by the Reorganized Debtors into a $60 million Exit Takeback Facility.  Importantly, the Restructuring Transactions also provide that all trade, customer, employee, and other non-funded debt claims will be unimpaired and reinstated.

In accordance with the Restructuring Support Agreement, the Debtors intend to implement the Restructuring Transactions by commencing voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and seeking confirmation of the *Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as may be altered, amended, supplemented, or modified from time to time in accordance with its terms, and including all exhibits and supplements thereto, the "Plan").  Utilizing a "prepackaged" chapter 11 plan of reorganization will enable the Debtors to continue their day-to-day business operations with limited disruption, spend a significantly shorter amount of time in bankruptcy, and spend less time and money on the administration of the Chapter 11 Cases.

---

[1]    Capitalized terms used but not defined herein have the meanings given to such terms in the Disclosure Statement, the Plan, or the Ballot (each as defined herein), as applicable.

[2]    The anticipated Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc.; (1425); and Kremers Urban Pharmaceuticals Inc. (0780).  The location of the Debtors' service address is:  1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

As set forth in the Plan and described in the Disclosure Statement, the Plan provides for the following recoveries to Holders of First Lien Senior Secured Notes Claims and Second Lien Term Loan Claims:

- **First Lien Senior Secured Notes Claims (Class 3) Treatment**: On the Effective Date, except to the extent less favorable treatment is agreed to by the Debtors or the Reorganized Debtors, as applicable, and a Holder of an Allowed First Lien Senior Secured Notes Claim, each Holder of an Allowed First Lien Senior Secured Notes Claim shall receive, in full and final satisfaction of such Allowed First Lien Senior Secured Notes Claim, its Pro Rata share of 97% of the Takeback Exit Facility and its Pro Rata share of 97% of the New Common Stock, subject to dilution on account of the MIP New Common Stock and the New Warrants.

- **Second Lien Term Loan Claims (Class 4) Treatment**:  On the Effective Date, except to the extent less favorable treatment is agreed to by the Debtors or the Reorganized Debtors, as applicable, and a Holder of an Allowed Second Lien Term Loan Claim, each Holder of an Allowed Second Lien Term Loan Claim shall receive, in full and final satisfaction of such Allowed Second Lien Term Loan Claim:  (1) its Pro Rata Share of 3% of the Takeback Exit Facility; (2) its Pro Rata share of 3% of the New Common Stock, subject to dilution on account of the MIP New Common Stock and the New Warrants; and (3) its Pro Rata share of the New Warrants.

As a Holder of First Lien Senior Secured Notes Claims and/or Second Lien Term Loan Claims as of the Voting Record Date of April 21, 2023, you may (a) vote to accept or reject the Plan and (b) consider whether to opt-out of the releases in the Plan, in each case by indicating such election on the enclosed ballot (the "Ballot").  Such elections must be made in accordance with the instructions set forth in the Ballot by the Voting Deadline of May 16, 2023, at 5:00 p.m., Prevailing Eastern Time.

**Please review the enclosed Disclosure Statement carefully for details about voting, recoveries, the Debtors' proposed financial restructuring, the Debtors' financial performance, and other important matters.**

**The Debtors believe that the Plan represents the best restructuring alternative available to the Debtors and their stakeholders.  Accordingly, <u>we urge you to vote to accept the Plan and support confirmation of the Plan</u>.**

The Debtors have established the following timetable for the solicitation process:

**VOTING RECORD DATE:**  **April 21, 2023**

**VOTING DEADLINE:**  **May 16, 2023, at 5:00 p.m., Prevailing Eastern Time**

Should you have any questions or require copies of the solicitation materials, you may contact the Solicitation Agent (1) through the Debtors' restructuring website at https://omniagentsolutions.com/LCI; (2) by email at LCIballots@omniagnt.com; (3) by calling at (888) 481-0009 (Toll-free from US / Canada) or +1 (747) 293-0012   (International); or (4) by writing at Lannett Company Inc. Ballot Processing, c/o  Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367

Sincerely,

Lannett Company, Inc.
on behalf of itself and its Debtor affiliates

**Exhibit 4**

**Notice of Non-Voting Status and Opt-Out Form**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LANNETT COMPANY, INC., *et al.*,[1] | ) | Case No. 23-10559 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (I) NON-VOTING STATUS OF CERTAIN**
**CLAIMS AND INTERESTS AND (II) OPPORTUNITY FOR HOLDERS OF**
**SUCH CLAIMS OR INTERESTS TO OPT OUT OF THE PLAN RELEASE**

---

**THIS OPT-OUT FORM AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ THIS OPT-OUT FORM CAREFULLY.**

**UNLESS YOU CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM, YOU WILL BE HELD TO FOREVER RELEASE CERTAIN PARTIES, INCLUDING, BUT NOT LIMITED TO, (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; AND (F) THE RELEASING PARTIES.  PLEASE SEE THE DEFINITION OF "RELEASED PARTIES" ON THE ATTACHED OPT-OUT FORM FOR A LIST OF ALL OF THE PARTIES YOU WILL BE RELEASING IF YOU DO <u>NOT</u> CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM.**

**IF YOU DO NOT WANT TO GIVE THESE RELEASES, YOU MUST CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM, COMPLETE THIS OPT-FORM, SIGN IT, AND RETURN IT SO IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023.**

---

On May 2, 2023, Lannett Company, Inc. and certain of its affiliates (collectively, "<u>Lannett</u>")[2] commenced solicitation of votes on the *Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "<u>Plan</u>").

In connection with the solicitation process, Lannett distributed the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc., and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "<u>Disclosure Statement</u>")[3] to Holders of First Lien Senior Secured Notes Claims and Second Lien Term Loan Claims, in each case, as of April 21, 2023 (the "<u>Record Date</u>").

The Bankruptcy Court can confirm the Plan and bind you if the Plan is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc. (1425); and Kremers Urban Pharmaceuticals Inc. (0780).  The location of the Debtors' service address is:  1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

[2]    The defined term "Lannett" refers to: Lannett Company, Inc. (7699), Silarx Pharmaceuticals, Inc. (1798), Cody Laboratories, Inc. (1425), and Kremers Urban Pharmaceuticals Inc. (0780).

[3]    Capitalized terms used but not defined herein have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you even though you are not entitled to vote on the Plan and are deemed to accept or reject, as applicable and set forth below, the Plan pursuant to section 1126(f) or 1126(g), respectively and as applicable, of the Bankruptcy Code. As described further below, in order to opt out of the Third-Party Plan Release (defined below), you must complete, sign and return this Opt-Out Form to the Solicitation Agent by **no later than 5:00 p.m. (prevailing Eastern Time) on June 1, 2023**. Please see the Combined Hearing Notice, included with this mailing, for important information regarding the Combined Hearing and Objection Deadline.

You are receiving this notice and the attached opt-out form because you are a Holder or potential Holder of a Claim or Interest in one of the following Plan classes (the "Non-Voting Classes") as of the Record Date. As such, you are (1) either presumed to accept or deemed to reject the Plan, and as a result, **not** entitled to vote on the Plan; and (2) entitled to opt out of the releases provided by the Plan.

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 6 | Convertible Notes Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 9 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 10 | Existing Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

If the Plan is confirmed and consummated, Holders of Allowed Claims and Interests in the Non-Voting Classes will receive the following treatment on the Effective Date:

- each Holder of an Allowed Other Secured Claim shall receive, in full and final satisfaction of such Allowed Other Secured Claim, at the option of the applicable Debtor, in consultation with the Consenting Stakeholders: (i) payment in full in Cash of its Allowed Other Secured Claim; (ii) the collateral securing its Allowed Other Secured Claim; (iii) Reinstatement of its Allowed Other Secured Claim; or (iv) such other treatment rendering its Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction of such Allowed Other Priority Claim, treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code, which renders such Allowed Other Priority Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Allowed General Unsecured Claim shall, at the option of the applicable Debtor, be either (i) Reinstated or (ii) paid in full in Cash on the later of (x) the Effective Date and (y) the date on which such payment would otherwise be due in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such Allowed General Unsecured Claim.

- On the Effective Date, all Allowed Convertible Notes Claims shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Convertible Notes Claims.

- On the Effective Date, all Allowed Section 510(b) Claims, if any, shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Section 510(b) Claims.

- On the Effective Date and without the need for any further corporate or limited liability company action or approval of any board of directors, board of managers, members, shareholders or officers of any Debtor or Reorganized Debtor, as applicable, all Existing Interests shall be canceled, released, and extinguished and will be of no further force or effect, without any distribution to Holders of Existing Interests.

**Additionally, if the Plan is confirmed and consummated, the releases set forth in Article VIII of the Plan (the "<u>Plan Releases</u>") shall apply.  THE PLAN RELEASES INCLUDE A THIRD-PARTY RELEASE (THE "<u>THIRD-PARTY PLAN RELEASE</u>"), WHICH IS SET FORTH IN ARTICLE VIII.D OF THE PLAN AND COPIED IN THE ATTACHED OPT-OUT FORM.**

<div style="border:1px solid black;">

**<u>YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY PLAN RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN UNLESS YOU CHECK THE OPT-OUT BOX IN THE ATTACHED OPT-OUT FORM AND COMPLETE AND SUBMIT THE OPT-OUT FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH THEREIN.</u>**

</div>

Your rights are described in the Plan and Disclosure Statement.  You may obtain copies of the Plan, the Disclosure Statement, and related materials, free of charge on Lannett's restructuring website at https://omniagentsolutions.com/LCI.  You may also obtain copies of any documents filed in the Chapter 11 Cases for a fee through the Bankruptcy Court's website at:  https://ecf.deb.uscourts.gov.

**PLAN RELEASES OPT-OUT FORM**

If the Plan is confirmed and consummated, the releases set forth in Article VIII of the Plan (the "Plan Releases") shall apply. **THE PLAN RELEASES INCLUDE A THIRD-PARTY RELEASE (THE "THIRD-PARTY PLAN RELEASE"), WHICH IS SET FORTH IN ARTICLE VIII.D OF THE PLAN AND COPIED BELOW, ALONG WITH CERTAIN RELEVANT DEFINITIONS.**

You are receiving this Plan Releases opt-out form (this "Opt-Out Form") because you are a Holder or potential Holder of a Claim or Interest in a Non-Voting Class as of April 21, 2023 (the "Record Date"). Holders of Claims or Interests in a Non-Voting Class are entitled to opt out of the Third-Party Plan Release as provided herein.

**The Third-Party Plan Release provides as follows:[4]**

> **As of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

> **Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; or (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan.**

> **Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.**

---

[4]  The Plan also contains Debtor releases and exculpation and injunction provisions, set forth in Articles VIII.C, VIII.E, and VIII.F of the Plan, respectively.  Unless you otherwise are included in the definition of Released Parties, you must be a Releasing Party (*i.e.*, a Holder of a Claim or Interest that does not opt out of the Third Party Release) to receive the Debtor Releases.

**Certain Definitions Related to the Third-Party Plan Release**

Under the Plan, "**Releasing Party**" means each of, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Stakeholders; (d) the Agents; (e) all Holders of Claims that vote to accept the Plan; (f) all Holders of Claims or Interests that are presumed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (h) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (i) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (k) each Related Party of each Entity in clauses (a) through (i)  for which such Entity is legally entitled to bind such Related Party to the releases contained in the Plan under applicable law; provided that, for the avoidance of doubt, each Holder of Claims and/or Interests that is party to or has otherwise signed the Restructuring Support Agreement shall not opt out of the releases.

Under the Plan, "**Released Party**" means each of, and in each case in their capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Stakeholders; (d) the Agents; (e) the Releasing Parties; and (f) each Related Party of each Entity in clause (a) through this clause (e); provided, that any Holder of a Claim or Interest that opts out of the releases contained in the Plan shall not be a "Released Party."

---

**YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY PLAN RELEASE UNLESS YOU CHECK THE OPT-OUT BOX IN ITEM 2 BELOW AND COMPLETE AND SUBMIT THIS OPT-OUT FORM IN ACCORDANCE WITH THE INSTRUCTIONS BELOW.**

---

**Item 1.  Claims or Interests Held.**

The undersigned hereby certifies that, as of April 21, 2023, the undersigned was the Holder of the following Claims and/or Interests in the aggregate amount(s) specified below (insert amount(s) in applicable box(es) below):

| | |
|---|---|
| Class 1 Other Secured Claims | $_____ |
| Class 2 Other Priority Claims | $_____ |
| Class 5 General Unsecured Claims | $_____ |
| Class 6 Convertible Notes Claims | $_____ |
| Class 9 Section 510(b) Claims | $_____ |
| | _____ shares/units of Existing common stock |
| Class 10 Existing Interests | _____ shares/units of Existing warrants |

**Item 2.  Third-Party Plan Release Opt Out**

☐    The undersigned elects to **OPT OUT** of the Third-Party Plan Release so that it will not apply to me, the undersigned.

**Item 3.  Certifications.**

By signing this Opt-Out Form, the undersigned certifies that:

(a)  as of the Voting Record Date, either:  (i) the entity is the Holder of the Claims/Interests set forth in Item 1; or (ii) the entity is an authorized signatory for an entity that is a Holder of the Claims/Interests set forth in Item 1;

(b)  the entity has received a copy of the notice to which this Opt-Out Form is attached and is submitting this Opt-Out Form pursuant to the terms and conditions set forth therein;

(c)  the entity has submitted the same election with respect to the Third-Party Plan Release for all Claims and Interests in a single Class set forth in Item 1; and

(d)  no other Opt-Out Forms with respect to Claims/Interests set forth in Item 1 have been submitted or, if any other Opt-Out Forms have been submitted with respect to such Claims/Interests, then any such earlier Opt-Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

## INSTRUCTIONS FOR SUBMITTING THIS OPT-OUT FORM

### PLEASE RETURN YOUR OPT-OUT FORM PROMPTLY

**For this Opt-Out Form to be valid and effective, it must be completed and signed as provided above and returned to the Solicitation Agent by <u>one</u> of the following methods so as to be <u>actually received</u> by the Solicitation Agent on or before June 1, 2023, at 5:00 p.m., prevailing Eastern Time.**

**By First-Class Mail, Overnight Mail, or Hand Delivery to:**

Lannett Company, Inc. Ballot Processing
c/o Omni Agent Solutions, Inc.
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

<u>OR</u>

**By electronic, online submission:**

https://omniagentsolutions.com/LCI-OptOut

\*  \*  \*  \*  \*  \*

**<u>Exhibit 4A</u>**

**Class 6 Beneficial Holder Non-Voting Status and Opt-Out Form**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LANNETT COMPANY, INC., *et al.*,[1] | ) | Case No. 23-10559 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF (I) NON-VOTING STATUS OF CERTAIN
### CLAIMS AND INTERESTS AND (II) OPPORTUNITY FOR HOLDERS OF
### SUCH CLAIMS OR INTERESTS TO OPT OUT OF THE PLAN RELEASE

> **THIS OPT-OUT FORM AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ THIS OPT-OUT FORM CAREFULLY.**
>
> **UNLESS YOU CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM, YOU WILL BE HELD TO FOREVER RELEASE CERTAIN PARTIES, INCLUDING, BUT NOT LIMITED TO, (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; AND (F) THE RELEASING PARTIES.  PLEASE SEE THE DEFINITION OF "RELEASED PARTIES" ON THE ATTACHED OPT-OUT FORM FOR A LIST OF ALL OF THE PARTIES YOU WILL BE RELEASING IF YOU DO <u>NOT</u> CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM.**
>
> **IF YOU DO NOT WANT TO GIVE THESE RELEASES, YOU MUST CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM, COMPLETE THIS OPT-FORM, SIGN IT, AND RETURN IT SO IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023.**

On May 2, 2023, Lannett Company, Inc. and certain of its affiliates (collectively, "<u>Lannett</u>")[2] commenced solicitation of votes on the *Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "<u>Plan</u>").

In connection with the solicitation process, Lannett distributed the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc., and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "<u>Disclosure Statement</u>")[3] to Holders of First Lien Senior Secured Notes Claims and Second Lien Term Loan Claims, in each case, as of April 21, 2023 (the "<u>Record Date</u>").

The Bankruptcy Court can confirm the Plan and bind you if the Plan is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc. (1425); and Kremers Urban Pharmaceuticals Inc. (0780).  The location of the Debtors' service address is:  1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

[2]   The defined term "Lannett" refers to: Lannett Company, Inc. (7699), Silarx Pharmaceuticals, Inc. (1798), Cody Laboratories, Inc. (1425), and Kremers Urban Pharmaceuticals Inc. (0780).

[3]   Capitalized terms used but not defined herein have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you even though you are not entitled to vote on the Plan and are deemed to accept or reject, as applicable and set forth below, the Plan pursuant to section 1126(f) or 1126(g), respectively and as applicable, of the Bankruptcy Code. As described further below, in order to opt out of the Third-Party Plan Release (defined below), you must complete, sign and return this Opt-Out Form to the Solicitation Agent by **no later than 5:00 p.m. (prevailing Eastern Time) on June 1, 2023**. Please see the Combined Hearing Notice, included with this mailing, for important information regarding the Combined Hearing and Objection Deadline.

You are receiving this notice and the attached opt-out form because you are a Holder or potential Holder of a Claim or Interest in one of the following Plan classes (the "Non-Voting Classes") as of the Record Date. As such, you are (1) either presumed to accept or deemed to reject the Plan, and as a result, **not** entitled to vote on the Plan; and (2) entitled to opt out of the releases provided by the Plan.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 6 | Convertible Notes Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 9 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 10 | Existing Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

If the Plan is confirmed and consummated, Holders of Allowed Claims and Interests in the Non-Voting Classes will receive the following treatment on the Effective Date:

- each Holder of an Allowed Other Secured Claim shall receive, in full and final satisfaction of such Allowed Other Secured Claim, at the option of the applicable Debtor, in consultation with the Consenting Stakeholders: (i) payment in full in Cash of its Allowed Other Secured Claim; (ii) the collateral securing its Allowed Other Secured Claim; (iii) Reinstatement of its Allowed Other Secured Claim; or (iv) such other treatment rendering its Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction of such Allowed Other Priority Claim, treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code, which renders such Allowed Other Priority Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Allowed General Unsecured Claim shall, at the option of the applicable Debtor, be either (i) Reinstated or (ii) paid in full in Cash on the later of (x) the Effective Date and (y) the date on which such payment would otherwise be due in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such Allowed General Unsecured Claim.

- On the Effective Date, all Allowed Convertible Notes Claims shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Convertible Notes Claims.

- On the Effective Date, all Allowed Section 510(b) Claims, if any, shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Section 510(b) Claims.

- On the Effective Date and without the need for any further corporate or limited liability company action or approval of any board of directors, board of managers, members, shareholders or officers of any Debtor or Reorganized Debtor, as applicable, all Existing Interests shall be canceled, released, and extinguished and will be of no further force or effect, without any distribution to Holders of Existing Interests.

**Additionally, if the Plan is confirmed and consummated, the releases set forth in Article VIII of the Plan (the "__Plan Releases__") shall apply.  THE PLAN RELEASES INCLUDE A THIRD-PARTY RELEASE (THE "__THIRD-PARTY PLAN RELEASE__"), WHICH IS SET FORTH IN ARTICLE VIII.D OF THE PLAN AND COPIED IN THE ATTACHED OPT-OUT FORM.**

<div style="border:1px solid black">

**__YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY PLAN RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN UNLESS YOU CHECK THE OPT-OUT BOX IN THE ATTACHED OPT-OUT FORM AND COMPLETE AND SUBMIT THE OPT-OUT FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH THEREIN.__**

</div>

Your rights are described in the Plan and Disclosure Statement.  You may obtain copies of the Plan, the Disclosure Statement, and related materials, free of charge on Lannett's restructuring website at https://omniagentsolutions.com/LCI.  You may also obtain copies of any documents filed in the Chapter 11 Cases for a fee through the Bankruptcy Court's website at:  https://ecf.deb.uscourts.gov.

**CLASS 6 BENEFICIAL HOLDER OPT-OUT FORM**

You are receiving this opt out form (the "Class 6 Beneficial Opt-Out Form") because you are or may be a Holder of a Claim that is not entitled to vote on the *Joint Prepackaged Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as amended, supplemented, or otherwise modified from time to time, the "Plan"). As set forth in the Plan, Holders of Class 6 Claims are deemed to grant the Third-Party Release set forth in Article VIII.D of the Plan (the "Third-Party Release"), unless a Holder affirmatively opts out of the Third-Party Release or timely objects to the Third-Party Release on or before June 1, 2023, at 5:00 p.m., prevailing Eastern Time, and such objection is not resolved before confirmation.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS CLASS 6 BENEFICIAL HOLDER OPT-OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS CLASS 6 BENEFICIAL HOLDER OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS CLASS 6 BENEFICIAL HOLDER OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS CLASS 6 BENEFICIAL HOLDER OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED TO YOUR NOMINEE IN SUFFICIENT TIME TO ALLOW YOUR NOMINEE TO PROCESS YOUR INSTRUCTIONS ON A CLASS 6 MASTER OPT-OUT FORM AND RETURN TO OMNI AGENT SOLUTIONS INC. (THE "SOLICITATION AGENT") SO THAT IS ACTUALLY RECEIVED ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023 (THE "OPT-OUT DEADLINE").**

This Class 6 Beneficial Holder Opt-Out Form may not be used for any purpose other than opting out of the Release contained in the Plan. If you believe you have received this Class 6 Beneficial Opt-Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Solicitation Agent <u>immediately</u> by calling (888) 481-0009 (USA or Canada) or +1 (747) 293-0012 (International) or emailing lciinquiries@omniagnt.com.

Before completing this Class 6 Beneficial Holder Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Class 6 Beneficial Holder Opt-Out Form" carefully to ensure that you complete, execute, and return this Class 6 Beneficial Holder Opt-Out Form properly.

<u>Item 1</u>. Optional Third-Party Release

AS A HOLDER OF A CLASS 6 CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM BY THE OPT-OUT DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐ **By checking this box, you elect to opt <u>out</u> of the Third-Party Release set forth below.**

**Article VIII.D of the Plan contains the following Third-Party Release:**

**As of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; or (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.**

Definitions related to the Third-Party Release:

"*Related Parties*" means, with respect to an Entity, collectively, (a) such Entity's current and former Affiliates and (b) such Entity's and such Entity's current and former Affiliates' directors, managers, officers, shareholders, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, participants, successors, assigns (whether by operation of law or otherwise), subsidiaries, current, former, and future associated entities, managed or advised entities, accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors, managers, fiduciaries, trustees, employees, agents (including any

disbursing agent), advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, other representatives, and other professionals, representatives, advisors, predecessors, successors, and assigns, each solely in their capacities as such (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), and the respective heirs, executors, estates, servants and nominees of the foregoing.

"*Released Party*" means each of, and in each case in their capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Stakeholders; (d) the Agents; (e) the Releasing Parties; and (f) each Related Party of each Entity in clause (a) through this clause (e); provided, that any Holder of a Claim or Interest that opts out of the releases contained in the Plan shall not be a "Released Party."

"*Releasing Party*" means each of, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Stakeholders; (d) the Agents; (e) all Holders of Claims that vote to accept the Plan; (f) all Holders of Claims or Interests that are presumed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (h) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (i) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (k) each Related Party of each Entity in clauses (a) through (i) for which such Entity is legally entitled to bind such Related Party to the releases contained in the Plan under applicable law; provided that, for the avoidance of doubt, each Holder of Claims and/or Interests that is party to or has otherwise signed the Restructuring Support Agreement shall not opt out of the releases.

**<u>Item 2</u>. Certifications.**

By signing this Class 6 Beneficial Holder Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

a.    that, as of April 21, 2023, either:  (i) the undersigned is the Holder of Class 6 Claims; (ii) the undersigned is an authorized signatory for an Entity or Person that is the Holder of Class 6 Claims;

b.    that the Holder has received a copy of the Notice of Non-Voting Status and that this Class 6 Beneficial Holder Opt-Out Form is made pursuant to the terms and conditions set forth therein;

c.    that the undersigned has made the same election(s) with respect to all Claims; and

d.    that no other Class 6 Beneficial Holder Opt-Out Form has been cast with respect to the Holder's Class 6 Claims, or, if any other Class 6 Beneficial Holder Opt-Out Forms have been cast with respect to such Claims, such Class 6 Beneficial Holder Opt-Out Forms are hereby revoked.

By signing this Class 6 Beneficial Holder Opt-Out Form, the undersigned authorizes and instructs its Nominee (a) to furnish the election information in a Class 6 Master Opt-Out Form to be transmitted to the Solicitation Agent and (b) to retain this Class 6 Beneficial Holder Opt-Out Form and related information in its records for at least one year after the Effective Date of the Plan.

YOUR RECEIPT OF THIS CLASS 6 BENEFICIAL HOLDER OPT-OUT FORM DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| **Name of Holder:** | |
| | *(Print or Type)* |
| **Signature:** | |
| **Name of Signatory:** | |
| | *(If other than Holder)* |
| **Title:** | |
| **Address:** | |
| | |
| | |
| **Date Completed:** | |

**PLEASE COMPLETE, SIGN AND DATE THIS CLASS 6 BENEFICIAL HOLDER OPT-OUT FORM AND RETURN IT TO YOUR NOMINEE IN SUFFICIENT TIME TO ALLOW YOUR NOMINEE TO PROCESS YOUR INSTRUCTIONS ON A CLASS 6 MASTER OPT-OUT FORM AND RETURN TO THE SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR PRIOR TO THE OPT OUT DEADLINE.**

IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> A CLASS 6 MASTER OPT-OUT FORM ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023, THEN YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.

CLASS 6 BENEFICIAL HOLDER OPT-OUT FORMS SENT DIRECTLY TO THE SOLICITATION AGENT WILL <u>NOT</u> BE ACCEPTED.

## **INSTRUCTIONS FOR COMPLETING THIS FORM**

1.   Capitalized terms used in the Class 6 Beneficial Holder Opt-Out Form or in these instructions (the "Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.   To ensure that your election is counted, you must complete the Class 6 Beneficial Holder Opt-Out Form and take the following steps: (a) clearly indicate your decision to "opt out" of the Third-Party Release set forth in the Plan in Item 1 above; (b) make sure that the information required by Item 2 above has been correctly inserted; and (c) sign, date and return an original of your Beneficial Holder Opt-Out Form to your Nominee in accordance with paragraph 3 directly below.

3.   **Return of Class 6 Beneficial Holder Opt-Out Form**:  Your Class 6 Beneficial Holder Opt-Out Form MUST be returned to your Nominee in sufficient time to allow your Nominee to process your instructions on a Class 6 Master Opt-Out Form and return to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Opt-Out Deadline, which is **5:00 p.m. (prevailing Eastern Time) on June 1, 2023**.

4.   If a Master Opt-Out Form is received by the Solicitation Agent after the Opt-Out Deadline, it will not be effective.  Additionally, the following Opt-Out Forms will NOT be counted:

- ANY CLASS 6 BENEFICIAL HOLDER OPT-OUT OR CLASS 6 MASTER OPT-OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE INTEREST;

- ANY CLASS 6 BENEFICIAL HOLDER OPT-OUT OR CLASS 6 MASTER OPT-OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT-OUT OF THE RELEASE;

- ANY CLASS 6 BENEFICIAL HOLDER OPT-OUT OR CLASS 6 MASTER OPT-OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE SOLICITATION AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

- ANY CLASS 6 BENEFICIAL HOLDER OPT-OUT OR CLASS 6 MASTER OPT-OUT FORM TRANSMITTED BY FACSIMILE, EMAIL, OR TELECOPY;

- ANY UNSIGNED CLASS 6 BENEFICIAL HOLDER OPT-OUT OR CLASS 6 MASTER OPT-OUT FORM; OR

- ANY CLASS 6 BENEFICIAL HOLDER OPT-OUT OR CLASS 6 MASTER OPT-OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE SOLICITATION ORDER.

5.   The method of delivery of Class 6 Beneficial Opt-Out Forms to your Nominee is at the election and risk of each Holder of a Class 6 Claim.  Except as otherwise provided herein, such delivery will be deemed made to the Solicitation Agent only when the Solicitation Agent **actually receives** a Class 6 Master Opt-Out Form from your Nominee.  Beneficial Holders and their Nominees should allow sufficient time to assure timely delivery.

6.      If multiple Class 6 Beneficial Holder Opt-Out Forms are received from the same Holder with respect to the same Claim prior to the Opt-Out Deadline, the last Class 6 Beneficial Holder Opt-Out Form timely received will supersede and revoke any earlier received Opt-Out Forms.

7.      The Class 6 Beneficial Holder Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to opt-out of a Release.  Accordingly, at this time, Holders of Interests should not surrender certificates or instruments representing or evidencing their Interests, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Class 6 Beneficial Holder Opt-Out Form.

8.      The Class 6 Beneficial Holder Opt-Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

9.      Please be sure to sign and date your Class 6 Beneficial Holder Opt-Out Form.  If you are signing a Class 6 Beneficial Holder Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 6 Beneficial Holder Opt-Out Form.

**PLEASE RETURN YOUR CLASS 6 BENEFICIAL HOLDER OPT-OUT FORM PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 6 BENEFICIAL OPT-OUT FORM OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT**

**THE SOLICITATION AGENT AT:**

**(888) 481-0009 (USA or Canada) or +1 (747) 293-0012 (International)**

**Or via email: lciinquiries@omniagnt.com**

---

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THE CLASS 6 MASTER OPT-OUT FORM FROM YOUR NOMINEE BEFORE THE OPT-OUT DEADLINE, WHICH IS 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023, THEN YOUR OPT-OUT ELECTION TRANSMITTED PURSUANT TO THE CLASS 6 BENEFICIAL HOLDER OPT-OUT FORM WILL NOT BE EFFECTIVE.**

---

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE DOCUMENTS MAILED HEREWITH.

**Exhibit A**

***Please check one box below to indicate the CUSIP/ISIN to which this Class 6 Beneficial Opt-Out Form pertains.
If you check more than one box below you risk having your vote invalidated.***

|  | DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| ☐ | [●] | [●] |

## Exhibit 4B

**Class 10 Beneficial Holder Non-Voting Status and Opt-Out Form**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LANNETT COMPANY, INC., *et al.*,[1] | ) | Case No. 23-10559 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF (I) NON-VOTING STATUS OF CERTAIN
CLAIMS AND INTERESTS AND (II) OPPORTUNITY FOR HOLDERS OF
SUCH CLAIMS OR INTERESTS TO OPT OUT OF THE PLAN RELEASE**

---

**THIS OPT-OUT FORM AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ THIS OPT-OUT FORM CAREFULLY.**

**UNLESS YOU CHECK THE BOX IN ITEM 2 OF THE ATTACHED OPT-OUT FORM, YOU WILL BE HELD TO FOREVER RELEASE CERTAIN PARTIES, INCLUDING, BUT NOT LIMITED TO, (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; AND (F) THE RELEASING PARTIES.  PLEASE SEE THE DEFINITION OF "RELEASED PARTIES" ON THE ATTACHED OPT-OUT FORM FOR A LIST OF ALL OF THE PARTIES YOU WILL BE RELEASING IF YOU DO NOT CHECK THE BOX IN ITEM 2 OF THE ATTACHED OPT-OUT FORM.**

**IF YOU DO NOT WANT TO GIVE THESE RELEASES, YOU MUST CHECK THE BOX IN ITEM 2 OF THE ATTACHED OPT-OUT FORM, COMPLETE THIS OPT-FORM, SIGN IT, AND RETURN IT SO IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023.**

---

On May 2, 2023, Lannett Company, Inc. and certain of its affiliates (collectively, "Lannett")[2] commenced solicitation of votes on the *Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "Plan").

In connection with the solicitation process, Lannett distributed the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc., and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "Disclosure Statement")[3] to Holders of First Lien Senior Secured Notes Claims and Second Lien Term Loan Claims, in each case, as of April 21, 2023 (the "Record Date").

The Bankruptcy Court can confirm the Plan and bind you if the Plan is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc. (1425); and Kremers Urban Pharmaceuticals Inc. (0780).  The location of the Debtors' service address is:  1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

[2]    The defined term "Lannett" refers to: Lannett Company, Inc. (7699), Silarx Pharmaceuticals, Inc. (1798), Cody Laboratories, Inc. (1425), and Kremers Urban Pharmaceuticals Inc. (0780).

[3]    Capitalized terms used but not defined herein have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you even though you are not entitled to vote on the Plan and are deemed to accept or reject, as applicable and set forth below, the Plan pursuant to section 1126(f) or 1126(g), respectively and as applicable, of the Bankruptcy Code.  As described further below, in order to opt out of the Third-Party Plan Release (defined below), you must complete, sign and return this Opt-Out Form to the Solicitation Agent by **no later than 5:00 p.m. (prevailing Eastern Time) on June 1, 2023**.  Please see the Combined Hearing Notice, included with this mailing, for important information regarding the Combined Hearing and Objection Deadline.

You are receiving this notice and the attached opt-out form because you are a Holder or potential Holder of a Claim or Interest in one of the following Plan classes (the "Non-Voting Classes") as of the Record Date.  As such, you are (1) either presumed to accept or deemed to reject the Plan, and as a result, **not** entitled to vote on the Plan; and (2) entitled to opt out of the releases provided by the Plan.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 6 | Convertible Notes Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 9 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 10 | Existing Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

If the Plan is confirmed and consummated, Holders of Allowed Claims and Interests in the Non-Voting Classes will receive the following treatment on the Effective Date:

- each Holder of an Allowed Other Secured Claim shall receive, in full and final satisfaction of such Allowed Other Secured Claim, at the option of the applicable Debtor, in consultation with the Consenting Stakeholders: (i) payment in full in Cash of its Allowed Other Secured Claim; (ii) the collateral securing its Allowed Other Secured Claim; (iii) Reinstatement of its Allowed Other Secured Claim; or (iv) such other treatment rendering its Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction of such Allowed Other Priority Claim, treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code, which renders such Allowed Other Priority Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Allowed General Unsecured Claim shall, at the option of the applicable Debtor, be either (i) Reinstated or (ii) paid in full in Cash on the later of (x) the Effective Date and (y) the date on which such payment would otherwise be due in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such Allowed General Unsecured Claim.

- On the Effective Date, all Allowed Convertible Notes Claims shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Convertible Notes Claims.

- On the Effective Date, all Allowed Section 510(b) Claims, if any, shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Section 510(b) Claims.

- On the Effective Date and without the need for any further corporate or limited liability company action or approval of any board of directors, board of managers, members, shareholders or officers of any Debtor or Reorganized Debtor, as applicable, all Existing Interests shall be canceled, released, and extinguished and will be of no further force or effect, without any distribution to Holders of Existing Interests.

**Additionally, if the Plan is confirmed and consummated, the releases set forth in Article VIII of the Plan (the "Plan Releases") shall apply.  THE PLAN RELEASES INCLUDE A THIRD-PARTY RELEASE (THE "THIRD-PARTY PLAN RELEASE"), WHICH IS SET FORTH IN ARTICLE VIII.D OF THE PLAN AND COPIED IN THE ATTACHED OPT-OUT FORM.**

<div style="border:1px solid black">

**YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY PLAN RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN UNLESS YOU CHECK THE OPT-OUT BOX IN THE ATTACHED OPT-OUT FORM AND COMPLETE AND SUBMIT THE OPT-OUT FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH THEREIN.**

</div>

Your rights are described in the Plan and Disclosure Statement.  You may obtain copies of the Plan, the Disclosure Statement, and related materials, free of charge on Lannett's restructuring website at https://omniagentsolutions.com/LCI.  You may also obtain copies of any documents filed in the Chapter 11 Cases for a fee through the Bankruptcy Court's website at:  https://ecf.deb.uscourts.gov.

**CLASS 10 BENEFICIAL HOLDERS OF INTERESTS OPT-OUT FORM**

You are receiving this opt out form (the "Class 10 Beneficial Opt-Out Form") because you are or may be a Holder of an Interest that is not entitled to vote on the *Joint Prepackaged Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as amended, supplemented, or otherwise modified from time to time, the "Plan"). As set forth in the Plan, Holders of Class 10 Interests are deemed to grant the Third-Party Release set forth in Article VIII.D of the Plan (the "Third-Party Release"), unless a Holder affirmatively opts out of the Third-Party Release or timely objects to the Third-Party Release on or before June 1, 2023, at 5:00 p.m., prevailing Eastern Time, and such objection is not resolved before confirmation.

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS CLASS 10 BENEFICIAL HOLDER OPT-OUT FORM CAREFULLY BEFORE COMPLETING THIS CLASS 10 BENEFICIAL HOLDER OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS CLASS 10 BENEFICIAL HOLDER OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS CLASS 10 BENEFICIAL HOLDER OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED TO YOUR NOMINEE IN SUFFICIENT TIME TO ALLOW YOUR NOMINEE TO PROCESS YOUR INSTRUCTIONS ON A CLASS 10 MASTER OPT-OUT FORM AND RETURN TO OMNI AGENT SOLUTIONS INC. (THE "SOLICITATION AGENT") SO THAT IS ACTUALLY RECEIVED ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023 (THE "OPT-OUT DEADLINE").**

  This Class 10 Beneficial Holder Opt-Out Form may not be used for any purpose other than opting out of the Release contained in the Plan. If you believe you have received this Class 10 Beneficial Holder Opt-Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Solicitation Agent immediately by calling (888) 481-0009 (USA or Canada) or +1 (747) 293-0012 (International) or emailing lciinquiries@omniagnt.com.

  Before completing this Class 10 Beneficial Holder Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Class 10 Beneficial Holder Opt-Out Form" carefully to ensure that you complete, execute, and return this Class 10 Beneficial Holder Opt-Out Form properly.

<u>Item 1</u>. **Optional Third-Party Release**

AS A HOLDER OF A CLASS 10 INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH BELOW. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES AND (II) YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM BY THE OPT-OUT DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

  ☐ **By checking this box, you elect to opt <u>out</u> of the Third-Party Release set forth below.**

**Article VIII.D of the Plan contains the following Third-Party Release:**

As of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; or (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

Definitions related to the Third-Party Release:

"*Related Parties*" means, with respect to an Entity, collectively, (a) such Entity's current and former Affiliates and (b) such Entity's and such Entity's current and former Affiliates' directors, managers, officers, shareholders, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, participants, successors, assigns (whether by operation of law or otherwise), subsidiaries, current, former, and future associated entities, managed or advised entities, accounts or funds, partners, limited partners, general partners, principals, members, management companies, fund advisors, managers, fiduciaries, trustees, employees, agents (including any

2

disbursing agent), advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, other representatives, and other professionals, representatives, advisors, predecessors, successors, and assigns, each solely in their capacities as such (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), and the respective heirs, executors, estates, servants and nominees of the foregoing.

"*Released Party*" means each of, and in each case in their capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Stakeholders; (d) the Agents; (e) the Releasing Parties; and (f) each Related Party of each Entity in clause (a) through this clause (e); provided, that any Holder of a Claim or Interest that opts out of the releases contained in the Plan shall not be a "Released Party."

"*Releasing Party*" means each of, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Consenting Stakeholders; (d) the Agents; (e) all Holders of Claims that vote to accept the Plan; (f) all Holders of Claims or Interests that are presumed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan; (g) all Holders of Claims or Interests that are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; (h) all Holders of Claims who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (i) all Holders of Claims who vote to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan; and (k) each Related Party of each Entity in clauses (a) through (i) for which such Entity is legally entitled to bind such Related Party to the releases contained in the Plan under applicable law; provided that, for the avoidance of doubt, each Holder of Claims and/or Interests that is party to or has otherwise signed the Restructuring Support Agreement shall not opt out of the releases.

**Item 2.  Certifications.**

By signing this Class 10 Beneficial Holder Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

a.    that, as of April 21, 2023, either:  (i) the undersigned is the Holder of Class 10 Interests; (ii) the undersigned is an authorized signatory for an Entity or Person that is the Holder of Class 10 Interests;

b.    that the Holder has received a copy of the Notice of Non-Voting Status and that this Class 10 Beneficial Holder Opt-Out Form is made pursuant to the terms and conditions set forth therein;

c.    that the undersigned has made the same election(s) with respect to all Interests; and

d.    that no other Class 10 Beneficial Holder Opt-Out Form has been cast with respect to the Holder's Class 10 Interests, or, if any other Class 10 Beneficial Holder Opt-Out Forms have been cast with respect to such Interests, such Class 10 Beneficial Holder Opt-Out Forms are hereby revoked.

By signing this Class 10 Beneficial Holder Opt-Out Form, the undersigned authorizes and instructs its Nominee (a) to furnish the election information in a Class 10 Master Opt-Out Form to be transmitted to the Solicitation Agent and (b) to retain this Class 10 Beneficial Holder Opt-Out Form and related information in its records for at least one year after the Effective Date of the Plan.

YOUR RECEIPT OF THIS CLASS 10 BENEFICIAL HOLDER OPT-OUT FORM DOES NOT SIGNIFY THAT YOUR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| **Name of Holder:** | _____ |
| | (Print or Type) |
| **Signature:** | _____ |
| **Name of Signatory:** | _____ |
| | (If other than Holder) |
| **Title:** | _____ |
| **Address:** | _____ |
| | _____ |
| | _____ |
| **Date Completed:** | _____ |
| | |

**PLEASE COMPLETE, SIGN AND DATE THIS CLASS 10 BENEFICIAL HOLDER OPT-OUT FORM AND RETURN IT TO YOUR NOMINEE IN SUFFICIENT TIME TO ALLOW YOUR NOMINEE TO PROCESS YOUR INSTRUCTIONS ON A CLASS 10 MASTER OPT-OUT FORM AND RETURN TO THE SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR PRIOR TO THE OPT OUT DEADLINE.**

---

IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> A CLASS 10 MASTER OPT-OUT FORM ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023, THEN YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.

CLASS 10 BENEFICIAL HOLDER OPT-OUT FORMS SENT DIRECTLY TO THE SOLICITATION AGENT WILL <u>NOT</u> BE ACCEPTED.

---

**INSTRUCTIONS FOR COMPLETING THIS FORM**

1.  Capitalized terms used in the Class 10 Beneficial Holder Opt-Out Form or in these instructions (the "Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.  To ensure that your election is counted, you must complete the Class 10 Beneficial Holder Opt-Out Form and take the following steps: (a) clearly indicate your decision to "opt out" of the Third-Party Release set forth in the Plan in Item 1 above; (b) make sure that the information required by Item 2 above has been correctly inserted; and (c) sign, date and return an original of your Beneficial Holder Opt-Out Form to your Nominee in accordance with paragraph 3 directly below.

3.  **Return of Class 10 Beneficial Holder Opt-Out Form**: Your Class 10 Beneficial Holder Opt-Out Form MUST be returned to your Nominee in sufficient time to allow your Nominee to process your instructions on a Class 10 Master Opt-Out Form and return to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Opt-Out Deadline, which is **5:00 p.m. (prevailing Eastern Time) on June 1, 2023**.

4.  If a Master Opt-Out Form is received by the Solicitation Agent after the Opt-Out Deadline, it will not be effective. Additionally, the following Opt-Out Forms will NOT be counted:

    - ANY CLASS 10 BENEFICIAL HOLDER OPT-OUT OR CLASS 10 MASTER OPT-OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE INTEREST;

    - ANY CLASS 10 BENEFICIAL HOLDER OPT-OUT OR CLASS 10 MASTER OPT-OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT-OUT OF THE RELEASE;

    - ANY CLASS 10 BENEFICIAL HOLDER OPT-OUT OR CLASS 10 MASTER OPT-OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE SOLICITATION AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

    - ANY CLASS 10 BENEFICIAL HOLDER OPT-OUT OR CLASS 10 MASTER OPT-OUT FORM TRANSMITTED BY FACSIMILE OR EMAIL OR TELECOPY;

    - ANY UNSIGNED CLASS 10 BENEFICIAL HOLDER OPT-OUT OR CLASS 10 MASTER OPT-OUT FORM; OR

    - ANY CLASS 10 BENEFICIAL HOLDER OPT-OUT OR CLASS 10 MASTER OPT-OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE SOLICITATION ORDER.

5.  The method of delivery of Class 10 Beneficial Opt-Out Forms to your Nominee is at the election and risk of each Holder of a Class 10 Interest. Except as otherwise provided herein, such delivery will be deemed made to the Solicitation Agent only when the Solicitation Agent **actually receives** a Class 10 Master Opt-Out Form from your Nominee. Beneficial Holders and their Nominees should allow sufficient time to assure timely delivery.

6.     If multiple Class 10 Beneficial Holder Opt-Out Forms are received from the same Holder with respect to the same Interest prior to the Opt-Out Deadline, the last Class 10 Beneficial Holder Opt-Out Form timely received will supersede and revoke any earlier received Opt-Out Forms.

7.     The Class 10 Beneficial Holder Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to opt-out of a Release.  Accordingly, at this time, Holders of Interests should not surrender certificates or instruments representing or evidencing their Interests, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Class 10 Beneficial Holder Opt-Out Form.

8.     The Class 10 Beneficial Holder Opt-Out Form does <u>not</u> constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

9.     <u>Please be sure to sign and date your Class 10 Beneficial Holder Opt-Out Form</u>.  If you are signing a Class 10 Beneficial Holder Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 10 Beneficial Holder Opt-Out Form.

**<u>PLEASE RETURN YOUR CLASS 10 BENEFICIAL HOLDER OPT-OUT FORM PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 10 BENEFICIAL OPT-OUT FORM OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**(888) 481-0009 (USA or Canada) or +1 (747) 293-0012 (International)**
**Or via email: lciinquiries@omniagnt.com**

---

**IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THE CLASS 10 MASTER OPT-OUT FORM FROM YOUR NOMINEE BEFORE THE OPT-OUT DEADLINE, WHICH IS 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023, THEN YOUR OPT-OUT ELECTION TRANSMITTED PURSUANT TO THE CLASS 10 BENEFICIAL HOLDER OPT-OUT FORM WILL NOT BE EFFECTIVE.**

---

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE DOCUMENTS MAILED HEREWITH.

**Exhibit A**

***Please check one box below to indicate the CUSIP/ISIN to which this Class 10 Beneficial Opt-Out Form pertains.  If you check more than one box below you risk having your vote invalidated.***

|  | DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| ☐ | [●] | [●] |

**<u>Exhibit 4C</u>**

**Class 6 Master Non-Voting Status and Opt-Out Form**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LANNETT COMPANY, INC., *et al.*,[1] | ) | Case No. 23-10559 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF (I) NON-VOTING STATUS OF CERTAIN
CLAIMS AND INTERESTS AND (II) OPPORTUNITY FOR HOLDERS OF
SUCH CLAIMS OR INTERESTS TO OPT OUT OF THE PLAN RELEASE**

<div style="border:1px solid black; padding:10px;">

**THIS OPT-OUT FORM AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ THIS OPT-OUT FORM CAREFULLY.**

**UNLESS YOU CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM, YOU WILL BE HELD TO FOREVER RELEASE CERTAIN PARTIES, INCLUDING, BUT NOT LIMITED TO, (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; AND (F) THE RELEASING PARTIES.  PLEASE SEE THE DEFINITION OF "RELEASED PARTIES" ON THE ATTACHED OPT-OUT FORM FOR A LIST OF ALL OF THE PARTIES YOU WILL BE RELEASING IF YOU DO <u>NOT</u> CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM.**

**IF YOU DO NOT WANT TO GIVE THESE RELEASES, YOU MUST CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM, COMPLETE THIS OPT-FORM, SIGN IT, AND RETURN IT SO IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023.**

</div>

On May 2, 2023, Lannett Company, Inc. and certain of its affiliates (collectively, "<u>Lannett</u>")[2] commenced solicitation of votes on the *Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "<u>Plan</u>").

In connection with the solicitation process, Lannett distributed the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc., and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "<u>Disclosure Statement</u>")[3] to Holders of First Lien Senior Secured Notes Claims and Second Lien Term Loan Claims, in each case, as of April 21, 2023 (the "<u>Record Date</u>").

The Bankruptcy Court can confirm the Plan and bind you if the Plan is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc. (1425); and Kremers Urban Pharmaceuticals Inc. (0780).  The location of the Debtors' service address is:  1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

[2]   The defined term "Lannett" refers to: Lannett Company, Inc. (7699), Silarx Pharmaceuticals, Inc. (1798), Cody Laboratories, Inc. (1425), and Kremers Urban Pharmaceuticals Inc. (0780).

[3]   Capitalized terms used but not defined herein have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you even though you are not entitled to vote on the Plan and are deemed to accept or reject, as applicable and set forth below, the Plan pursuant to section 1126(f) or 1126(g), respectively and as applicable, of the Bankruptcy Code. As described further below, in order to opt out of the Third-Party Plan Release (defined below), you must complete, sign and return this Opt-Out Form to the Solicitation Agent by **no later than 5:00 p.m. (prevailing Eastern Time) on June 1, 2023**. Please see the Combined Hearing Notice, included with this mailing, for important information regarding the Combined Hearing and Objection Deadline.

You are receiving this notice and the attached opt-out form because you are a Holder or potential Holder of a Claim or Interest in one of the following Plan classes (the "Non-Voting Classes") as of the Record Date. As such, you are (1) either presumed to accept or deemed to reject the Plan, and as a result, **not** entitled to vote on the Plan; and (2) entitled to opt out of the releases provided by the Plan.

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 6 | Convertible Notes Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 9 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 10 | Existing Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

If the Plan is confirmed and consummated, Holders of Allowed Claims and Interests in the Non-Voting Classes will receive the following treatment on the Effective Date:

- each Holder of an Allowed Other Secured Claim shall receive, in full and final satisfaction of such Allowed Other Secured Claim, at the option of the applicable Debtor, in consultation with the Consenting Stakeholders: (i) payment in full in Cash of its Allowed Other Secured Claim; (ii) the collateral securing its Allowed Other Secured Claim; (iii) Reinstatement of its Allowed Other Secured Claim; or (iv) such other treatment rendering its Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction of such Allowed Other Priority Claim, treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code, which renders such Allowed Other Priority Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Allowed General Unsecured Claim shall, at the option of the applicable Debtor, be either (i) Reinstated or (ii) paid in full in Cash on the later of (x) the Effective Date and (y) the date on which such payment would otherwise be due in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such Allowed General Unsecured Claim.

- On the Effective Date, all Allowed Convertible Notes Claims shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Convertible Notes Claims.

- On the Effective Date, all Allowed Section 510(b) Claims, if any, shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Section 510(b) Claims.

- On the Effective Date and without the need for any further corporate or limited liability company action or approval of any board of directors, board of managers, members, shareholders or officers of any Debtor or Reorganized Debtor, as applicable, all Existing Interests shall be canceled, released, and extinguished and will be of no further force or effect, without any distribution to Holders of Existing Interests.

**Additionally, if the Plan is confirmed and consummated, the releases set forth in Article VIII of the Plan (the "<u>Plan Releases</u>") shall apply. THE PLAN RELEASES INCLUDE A THIRD-PARTY RELEASE (THE "<u>THIRD-PARTY PLAN RELEASE</u>"), WHICH IS SET FORTH IN ARTICLE VIII.D OF THE PLAN AND COPIED IN THE ATTACHED OPT-OUT FORM.**

<u>**YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY PLAN RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN UNLESS YOU CHECK THE OPT-OUT BOX IN THE ATTACHED OPT-OUT FORM AND COMPLETE AND SUBMIT THE OPT-OUT FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH THEREIN.**</u>

Your rights are described in the Plan and Disclosure Statement. You may obtain copies of the Plan, the Disclosure Statement, and related materials, free of charge on Lannett's restructuring website at https://omniagentsolutions.com/LCI. You may also obtain copies of any documents filed in the Chapter 11 Cases for a fee through the Bankruptcy Court's website at: https://ecf.deb.uscourts.gov.

## CLASS 6 MASTER OPT-OUT FORM

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS CLASS 6 MASTER OPT-OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS CLASS 6 MASTER OPT-OUT FORM.

**THIS CLASS 6 MASTER OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED TO OMNI AGENT SOLUTIONS INC. (THE "<u>SOLICITATION AGENT</u>") SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023 (THE "<u>OPT-OUT DEADLINE</u>").**

This Class 6 Master Opt-Out Form may not be used for any purpose other than conveying their Beneficial Holder clients' elections to opt out of the Third-Party Release set forth in Article VIII.D of the Plan (the "<u>Third-Party Release</u>").  If you believe you have received this Class 6 Master Opt-Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Solicitation Agent <u>immediately</u> by calling (888) 481-0009 (USA or Canada); +1 (747) 293-0012 (International) or sending an electronic mail message to lciinquiries@omniagnt.com.  Nothing contained herein or in the enclosed documents shall render you or any other entity an agent of the Debtors or the Solicitation Agent or authorize you or any other entity to use any document or make any statements on behalf of any of the Debtors with respect to the Plan, except for the statement contained in the documents enclosed herewith.

You are required to distribute the Notice of Non-Voting Status and Class 6 Master Opt-Out Form contained herewith to your Beneficial Holder clients holding Class 6 Claims as of April 21, 2023 (the "<u>Opt-Out Record Date</u>"), within five business days of your receipt of the Solicitation Packages in which this Class 6 Master Opt-Out Form was included.  With respect to the Class 6 Beneficial Holder Opt-Out Forms returned to you, you must (1) execute this Class 6 Master Opt-Out Form so as to reflect the Third-Party Release election set forth in such Class 6 Beneficial Holder Opt-Out Forms and (2) forward this Class 6 Master Opt-Out Form to the Solicitation Agent in accordance with the Form Instructions accompanying this Class 6 Master Opt-Out Form.  The CUSIP numbers for Class 6 Claims entitled to opt of the Releases are set forth on **Exhibit A** attached hereto. **Any election delivered to you by a Beneficial Holder shall not be counted unless you complete, sign, and return this Class 6 Master Opt-Out Form to the Solicitation Agent so that it is actually received by the Opt-Out Deadline.**

Before completing this Class 6 Master Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Class 6 Master Opt-Out Form" carefully to ensure that you complete, execute, and return this Class 6 Master Opt-Out Form properly.

<u>Item 1</u>. **Certification of Authority to Make Elections.**

The undersigned certifies that as of the Opt-Out Record Date, the undersigned:

☐      is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Claims listed in Item 2 below, and is the record holder of such notes; or

☐      is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below; or

☐      has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of

the Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Claims described in Item 2;

and accordingly, has full power and authority to convey decisions to opt-out of the Releases, on behalf of the Beneficial Holders of the Class 6 Claims described in Item 2.

**Item 2**. **Optional Release Election.**

The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Holders of Class 6 Claims, as identified by their respective account numbers, that made a decision to opt-out of the Releases via e-mail, telephone, internet application, facsimile, voting instruction form, or other customary means of conveying such information.

Indicate in the appropriate column below the Beneficial Holder/Account Number of each Beneficial Holder that completed and returned the Class 6 Beneficial Holder Opt-Out Form and the aggregate amount of Class 6 Claim held by such Beneficial Holder/Account Number electing to opt-out of the Third-Party Release or attach such information to this Class 6 Master Opt-Out Form in the form of the following table.

Please complete the information requested below (add additional sheets if necessary):

| Beneficial Holder/Account Number | Amount of Class 6 Claim Electing to Opt-Out of the Third-Party Release |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| **TOTAL** | |

**Item 3**. **Additional Certifications.**

By signing this Class 6 Master Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

    a.    that either: (i) the undersigned has received a completed Class 6 Master Opt-Out Form from each Beneficial Holder of Class 6 Claims listed in Item 2 of this Class 6 Master Opt-Out Form, or (ii) an e-mail, recorded telephone call, internet transmission, facsimile, voting instruction form, or other customary means of communication conveying a decision to opt-out of the Third-Party Release from each Holder of Class 6 Claims;

    b.    that the undersigned is a Nominee (or agent of the Nominee) of the Beneficial Holders of Class 6 Claims listed in Item 2 of this Class 6 Master Opt-Out Form; and

      c.       that the undersigned has properly disclosed for each Beneficial Holder who submitted a Class 6 Beneficial Holder Opt-Out Form or opt-out decisions via other customary means: (i) the respective amount of Class 6 Claims owned by each Beneficial Holder and (ii) the customer account or other identification number for each such Beneficial Holder.

| | |
|---|---|
| **Institution:** | |
| | **(Print or Type)** |
| **DTC Participant Number:** | |
| **Signature:** | |
| **Name of Signatory:** | |
| **Title:** | |
| **Address:** | |
| | |
| | |
| **Date Completed:** | |
| | |

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 6 MASTER OPT-OUT FORM AND RETURN IT PROMPTLY VIA (I) ELECTRONIC, ONLINE SUBMISSION AT HTTPS://OMNIAGENTSOLUTIONS.COM/LCI-OPTOUT OR (II) FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

> Lannett Company, Inc. Ballot Processing Center
> c/o Omni Agent Solutions
> 5955 De Soto Ave., Suite 100 Woodland Hills, CA 91367
>
> If you have any questions on the procedures for voting on the Plan, please call the Solicitation Agent at: (888) 481-0009 (USA or Canada) or +1 (747) 293-0012 (International).

> IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS CLASS 6 MASTER OPT-OUT FORM ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023, THEN THE ELECTIONS TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.
>
> CLASS 6 MASTER OPT-OUT FORMS SENT BY FACSIMILE OR TELECOPY WILL <u>NOT</u> BE ACCEPTED.

**<u>INSTRUCTIONS FOR COMPLETING THIS CLASS 6 MASTER OPT-OUT FORM</u>**

1.      Capitalized terms used in the Class 6 Master Opt-Out Form or in these instructions (the "<u>Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.      **<u>Distribution of the Opt-Out Forms</u>:**

- You should immediately distribute the Class 6 Beneficial Holder Opt-Out Forms accompanied by pre-addressed, postage-paid return envelopes to all Beneficial Holders of Class 6 Claims as of the Opt-Out Record Date and take any action required to enable each such Beneficial Holders to make an opt-out election timely. You must include a pre-addressed, postage-paid return envelope or must certify that your Beneficial Holder clients that did not receive return envelopes were provided with electronic or other means (consented to by such Beneficial Holder clients) of returning their Class 6 Beneficial Holder Opt-Out Forms in a timely manner.

- Any election delivered to you by a Beneficial Holder shall not be counted until you complete, sign, and return this Class 6 Master Opt-Out Form to the Solicitation Agent, so that it is actually received by the Opt-Out Deadline.

3.      You should solicit elections from your Beneficial Holder clients via the (a) delivery of duly completed Class 6 Beneficial Holder Opt-Out Forms or (b) conveyance of their decision to opt-out of the Releases via e-mail, telephone, internet application, facsimile, voting instruction form, or other customary and approved means of conveying such information.

4.      With regard to any Class 6 Beneficial Holder Opt-Out Forms returned to you by a Beneficial Holder, you must: (a) compile and validate the elections and other relevant information of each such Beneficial Holder on the Class 6 Master Opt-Out Form using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Class 6 Master Opt-Out Form; and (c) transmit the Class 6 Master Opt-Out form to the Solicitation Agent.

5.      **<u>Return of Class 6 Master Opt-Out Form</u>**: The Class 6 Master Opt-Out Form must be returned to the Solicitation Agent so as to be **<u>actually received</u>** by the Solicitation Agent on or before the Opt-Out Deadline, which is **<u>5:00 p.m. (prevailing Eastern Time) on June 1, 2023</u>**.

6.      If a Class 6 Master Opt-Out Form is received by the Solicitation Agent <u>after</u> the Opt-Out Deadline, it will not be effective.  Additionally**,** the following Opt-Out Forms will <u>NOT</u> be counted:

- ANY CLASS 6 MASTER OPT-OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE CLAIM;

- ANY CLASS 6 MASTER OPT-OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT-OUT OF THE RELEASES;

- ANY CLASS 6 MASTER OPT-OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE SOLICITATION AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

- ANY UNSIGNED CLASS 6 MASTER OPT-OUT FORM; OR

- ANY CLASS 6 MASTER OPT-OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE SCHEDULING ORDER.

7.    The method of delivery of Class 6 Master Opt-Out Forms to the Solicitation Agent is at the election and risk of Nominee.  Except as otherwise provided herein, such delivery will be deemed made to the Solicitation Agent only when the Solicitation Agent **actually** **receives** the originally executed Class 6 Master Opt-Out Form.  Nominees should allow sufficient time to assure timely delivery.

8.    Multiple Class 6 Master Opt-Out Forms may be completed and delivered to the Solicitation Agent. Elections reflected by multiple Class 6 Master Opt-Out Forms will be deemed valid.  If two or more Class 6 Master Opt-Out Forms are submitted, please mark the subsequent Class 6 Master Opt-Out Form(s) with the words "Additional Election" or such other language as you customarily use to indicate an additional election that is not meant to revoke an earlier election.

9.    The Class 6 Master Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to transmit elections to opt-out of the Releases.  Holders of Interests in Lannett Company, Inc. should not surrender certificates (if any) representing their Interests at this time, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates transmitted together with a Class 6 Master Opt-Out Form.

10.    This Class 6 Master Opt-Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

11.    Please be sure to sign and date your Class 6 Master Opt-Out Form.  If you are signing a Class 6 Master Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 6 Master Opt-Out Form.

12.    No fees or commissions or other remuneration will be payable to any broker, bank, dealer or other person in connection with this solicitation.  Upon written request, however, the Debtor will reimburse you for reasonable, customary mailing and handling expenses incurred by you in forwarding the Class 6 Master Opt-Out Form to your client(s).

**PLEASE RETURN YOUR CLASS 6 MASTER OPT-OUT FORM PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 6 MASTER OPT-OUT FORM OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**(888) 481-0009 (USA or Canada) or +1 (747) 293-0012 (International)**

**Or via email at: lciinquiries@omniagnt.com**

---

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS CLASS 6 MASTER OPT-OUT FORM FROM YOU BEFORE THE OPT-OUT DEADLINE, WHICH IS 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023, THEN THE OPT-OUT ELECTIONS TRANSMITTED THEREBY WILL NOT BE EFFECTIVE.**

---

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE DOCUMENTS MAILED HEREWITH.

**Exhibit A**

*Please check ONLY ONE box below to indicate the CUSIP/ISIN to which this Class 6 Master Opt-Out Form pertains (or clearly indicate such information directly on the Class 6 Master Opt-Out Form or on a schedule thereto). If you check more than one box below, the Beneficial Holder votes submitted on this Class 6 Master Opt-Out Form may be invalidated:*

| | DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| ☐ | [●] | [●] |

## **Exhibit 4D**

**Class 10 Master Non-Voting Status and Opt-Out Form**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LANNETT COMPANY, INC., *et al.*,[1] | ) | Case No. 23-10559 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF (I) NON-VOTING STATUS OF CERTAIN**
**CLAIMS AND INTERESTS AND (II) OPPORTUNITY FOR HOLDERS OF**
**SUCH CLAIMS OR INTERESTS TO OPT OUT OF THE PLAN RELEASE**

---

**THIS OPT-OUT FORM AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ THIS OPT-OUT FORM CAREFULLY.**

**UNLESS YOU CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM, YOU WILL BE HELD TO FOREVER RELEASE CERTAIN PARTIES, INCLUDING, BUT NOT LIMITED TO, (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; AND (F) THE RELEASING PARTIES.  PLEASE SEE THE DEFINITION OF "RELEASED PARTIES" ON THE ATTACHED OPT-OUT FORM FOR A LIST OF ALL OF THE PARTIES YOU WILL BE RELEASING IF YOU DO <u>NOT</u> CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM.**

**IF YOU DO NOT WANT TO GIVE THESE RELEASES, YOU MUST CHECK THE BOX IN <u>ITEM 2</u> OF THE ATTACHED OPT-OUT FORM, COMPLETE THIS OPT-FORM, SIGN IT, AND RETURN IT SO IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023.**

---

On May 2, 2023, Lannett Company, Inc. and certain of its affiliates (collectively, "<u>Lannett</u>")[2] commenced solicitation of votes on the *Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "<u>Plan</u>").

In connection with the solicitation process, Lannett distributed the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc., and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, and including all exhibits and supplements thereto, the "<u>Disclosure Statement</u>")[3] to Holders of First Lien Senior Secured Notes Claims and Second Lien Term Loan Claims, in each case, as of April 21, 2023 (the "<u>Record Date</u>").

The Bankruptcy Court can confirm the Plan and bind you if the Plan is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Lannett Company, Inc. (7699); Silarx Pharmaceuticals, Inc. (1798); Cody Laboratories, Inc. (1425); and Kremers Urban Pharmaceuticals Inc. (0780).  The location of the Debtors' service address is:  1150 Northbrook Drive, Suite 155, Trevose, Pennsylvania 19053.

[2]   The defined term "Lannett" refers to: Lannett Company, Inc. (7699), Silarx Pharmaceuticals, Inc. (1798), Cody Laboratories, Inc. (1425), and Kremers Urban Pharmaceuticals Inc. (0780).

[3]   Capitalized terms used but not defined herein have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you even though you are not entitled to vote on the Plan and are deemed to accept or reject, as applicable and set forth below, the Plan pursuant to section 1126(f) or 1126(g), respectively and as applicable, of the Bankruptcy Code. As described further below, in order to opt out of the Third-Party Plan Release (defined below), you must complete, sign and return this Opt-Out Form to the Solicitation Agent by **no later than 5:00 p.m. (prevailing Eastern Time) on June 1, 2023**. Please see the Combined Hearing Notice, included with this mailing, for important information regarding the Combined Hearing and Objection Deadline.

You are receiving this notice and the attached opt-out form because you are a Holder or potential Holder of a Claim or Interest in one of the following Plan classes (the "Non-Voting Classes") as of the Record Date. As such, you are (1) either presumed to accept or deemed to reject the Plan, and as a result, **not** entitled to vote on the Plan; and (2) entitled to opt out of the releases provided by the Plan.

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| Class 6 | Convertible Notes Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 9 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 10 | Existing Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

If the Plan is confirmed and consummated, Holders of Allowed Claims and Interests in the Non-Voting Classes will receive the following treatment on the Effective Date:

- each Holder of an Allowed Other Secured Claim shall receive, in full and final satisfaction of such Allowed Other Secured Claim, at the option of the applicable Debtor, in consultation with the Consenting Stakeholders: (i) payment in full in Cash of its Allowed Other Secured Claim; (ii) the collateral securing its Allowed Other Secured Claim; (iii) Reinstatement of its Allowed Other Secured Claim; or (iv) such other treatment rendering its Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction of such Allowed Other Priority Claim, treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code, which renders such Allowed Other Priority Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.

- each Allowed General Unsecured Claim shall, at the option of the applicable Debtor, be either (i) Reinstated or (ii) paid in full in Cash on the later of (x) the Effective Date and (y) the date on which such payment would otherwise be due in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such Allowed General Unsecured Claim.

- On the Effective Date, all Allowed Convertible Notes Claims shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Convertible Notes Claims.

- On the Effective Date, all Allowed Section 510(b) Claims, if any, shall be canceled, released, and extinguished, and will be of no further force or effect, without any distribution to Holders of Section 510(b) Claims.

- On the Effective Date and without the need for any further corporate or limited liability company action or approval of any board of directors, board of managers, members, shareholders or officers of any Debtor or Reorganized Debtor, as applicable, all Existing Interests shall be canceled, released, and extinguished and will be of no further force or effect, without any distribution to Holders of Existing Interests.

**Additionally, if the Plan is confirmed and consummated, the releases set forth in Article VIII of the Plan (the "<u>Plan Releases</u>") shall apply.  THE PLAN RELEASES INCLUDE A THIRD-PARTY RELEASE (THE "<u>THIRD-PARTY PLAN RELEASE</u>"), WHICH IS SET FORTH IN ARTICLE VIII.D OF THE PLAN AND COPIED IN THE ATTACHED OPT-OUT FORM.**

> **<u>YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY PLAN RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN UNLESS YOU CHECK THE OPT-OUT BOX IN THE ATTACHED OPT-OUT FORM AND COMPLETE AND SUBMIT THE OPT-OUT FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH THEREIN.</u>**

Your rights are described in the Plan and Disclosure Statement.  You may obtain copies of the Plan, the Disclosure Statement, and related materials, free of charge on Lannett's restructuring website at https://omniagentsolutions.com/LCI.  You may also obtain copies of any documents filed in the Chapter 11 Cases for a fee through the Bankruptcy Court's website at:  https://ecf.deb.uscourts.gov.

## CLASS 10 MASTER INTEREST OPT-OUT FORM

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS CLASS 10 MASTER OPT-OUT FORM CAREFULLY <u>BEFORE</u> COMPLETING THIS CLASS 10 MASTER OPT-OUT FORM.

**THIS CLASS 10 MASTER OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED TO OMNI AGENT SOLUTIONS INC. (THE "<u>SOLICITATION AGENT</u>") SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023 (THE "<u>OPT-OUT DEADLINE</u>").**

This Class 10 Master Opt-Out Form may not be used for any purpose other than conveying their Beneficial Holder clients' elections to opt out of the Third-Party Release set forth in Article VIII.D of the Plan (the "<u>Third-Party Release</u>"). If you believe you have received this Class 10 Master Opt-Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Solicitation Agent <u>immediately</u> by calling (888) 481-0009 (USA or Canada); +1 (747) 293-0012 (International) or sending an electronic mail message to lciinquiries@omniagnt.com. Nothing contained herein or in the enclosed documents shall render you or any other entity an agent of the Debtors or the Solicitation Agent or authorize you or any other entity to use any document or make any statements on behalf of any of the Debtors with respect to the Plan, except for the statement contained in the documents enclosed herewith.

You are required to distribute the Notice of Non-Voting Status and Class 10 Master Opt-Out Form contained herewith to your Beneficial Holder clients holding Class 10 Interests as of April 21, 2023 (the "<u>Opt-Out Record Date</u>"), within five business days of your receipt of the Solicitation Packages in which this Class 10 Master Opt-Out Form was included. With respect to the Class 10 Beneficial Holder Opt-Out Forms returned to you, you must (1) execute this Class 10 Master Opt-Out Form so as to reflect the Third-Party Release election set forth in such Class 10 Beneficial Holder Opt-Out Forms and (2) forward this Class 10 Master Opt-Out Form to the Solicitation Agent in accordance with the Form Instructions accompanying this Class 10 Master Opt-Out Form. The CUSIP numbers for Class 10 Interests entitled to opt of the Releases are set forth on **<u>Exhibit A</u>** attached hereto. **Any election delivered to you by a Beneficial Holder shall not be counted unless you complete, sign, and return this Class 10 Master Opt-Out Form to the Solicitation Agent so that it is actually received by the Opt-Out Deadline.**

Before completing this Class 10 Master Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Class 10 Master Opt-Out Form" carefully to ensure that you complete, execute, and return this Class 10 Master Opt-Out Form properly.

<u>Item 1</u>. **Certification of Authority to Make Elections.**

The undersigned certifies that as of the Opt-Out Record Date, the undersigned:

☐      is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Interests listed in Item 2 below, and is the record holder of such notes; or

☐      is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Interests listed in Item 2 below; or

☐      has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of

the Interests listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Interests described in Item 2;

and accordingly, has full power and authority to convey decisions to opt-out of the Releases, on behalf of the Beneficial Holders of the Class 10 Interests described in Item 2.

**Item 2. Optional Release Election.**

The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Holders of Class 10 Interests, as identified by their respective account numbers, that made a decision to opt-out of the Releases via e-mail, telephone, internet application, facsimile, voting instruction form, or other customary means of conveying such information.

Indicate in the appropriate column below the Beneficial Holder/Account Number of each Beneficial Holder that completed and returned the Class 10 Beneficial Holder Opt-Out Form and the aggregate amount of Class 10 Interest held by such Beneficial Holder/Account Number electing to opt-out of the Third-Party Release or attach such information to this Class 10 Master Opt-Out Form in the form of the following table.

Please complete the information requested below (add additional sheets if necessary):

| Beneficial Holder/Account Number | Amount of Class 10 Interest Electing to Opt-Out of the Third-Party Release |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| **TOTAL** | |

**Item 3. Additional Certifications.**

By signing this Class 10 Master Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

    a.    that either:  (i) the undersigned has received a completed Class 10 Master Opt-Out Form from each Beneficial Holder of Class 10 Interests listed in Item 2 of this Class 10 Master Opt-Out Form, or (ii) an e-mail, recorded telephone call, internet transmission, facsimile, voting instruction form, or other customary means of communication conveying a decision to opt-out of the Third-Party Release from each Holder of Class 10 Interests;

    b.    that the undersigned is a Nominee (or agent of the Nominee) of the Beneficial Holders of Class 10 Interests listed in Item 2 of this Class 10 Master Opt-Out Form; and

c.      that the undersigned has properly disclosed for each Beneficial Holder who submitted a Class 10 Beneficial Holder Opt-Out Form or opt-out decisions via other customary means: (i) the respective amount of Class 10 Interests owned by each Beneficial Holder and (ii) the customer account or other identification number for each such Beneficial Holder.

| | |
|---|---|
| **Institution:** | |
| | **(Print or Type)** |
| **DTC Participant Number:** | |
| **Signature:** | |
| **Name of Signatory:** | |
| **Title:** | |
| **Address:** | |
| | |
| | |
| **Date Completed:** | |

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 10 MASTER OPT-OUT FORM AND RETURN IT PROMPTLY VIA (I) ELECTRONIC, ONLINE SUBMISSION AT HTTPS://OMNIAGENTSOLUTIONS.COM/LCI-OPTOUT OR (II) FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

> Lannett Company, Inc. Ballot Processing Center
> c/o Omni Agent Solutions
> 5955 De Soto Ave., Suite 100 Woodland Hills, CA 91367
>
> If you have any questions on the procedures for voting on the Plan, please call the Solicitation Agent at: (888) 481-0009 (USA or Canada) or +1 (747) 293-0012 (International).

IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS CLASS 10 MASTER OPT-OUT FORM ON OR BEFORE 5:00 P.M. PREVAILING EASTERN TIME ON JUNE  1, 2023, THEN THE ELECTIONS TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.

CLASS 10 MASTER OPT-OUT FORMS SENT BY FACSIMILE, EMAIL, OR TELECOPY WILL <u>NOT</u> BE ACCEPTED.

## INSTRUCTIONS FOR COMPLETING THIS CLASS 10 MASTER OPT-OUT FORM

1.      Capitalized terms used in the Class 10 Master Opt-Out Form or in these instructions (the "Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.      **Distribution of the Opt-Out Forms:**

- You should immediately distribute the Class 10 Beneficial Holder Opt-Out Forms accompanied by pre-addressed, postage-paid return envelopes to all Beneficial Holders of Class 10 Interests as of the Opt-Out Record Date and take any action required to enable each such Beneficial Holders to make an opt-out election timely. You must include a pre-addressed, postage-paid return envelope or must certify that your Beneficial Holder clients that did not receive return envelopes were provided with electronic or other means (consented to by such Beneficial Holder clients) of returning their Class 10 Beneficial Holder Opt-Out Forms in a timely manner.

- Any election delivered to you by a Beneficial Holder shall not be counted until you complete, sign, and return this Class 10 Master Opt-Out Form to the Solicitation Agent, so that it is actually received by the Opt-Out Deadline.

3.      You should solicit elections from your Beneficial Holder clients via the (a) delivery of duly completed Class 10 Beneficial Holder Opt-Out Forms or (b) conveyance of their decision to opt-out of the Releases via e-mail, telephone, internet application, facsimile, voting instruction form, or other customary and approved means of conveying such information.

4.      With regard to any Class 10 Beneficial Holder Opt-Out Forms returned to you by a Beneficial Holder, you must: (a) compile and validate the elections and other relevant information of each such Beneficial Holder on the Class 10 Master Opt-Out Form using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Class 10 Master Opt-Out Form; and (c) transmit the Class 10 Master Opt-Out form to the Solicitation Agent.

5.      **Return of Class 10 Master Opt-Out Form**: The Class 10 Master Opt-Out Form must be returned to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Opt-Out Deadline, which is **5:00 p.m. (prevailing Eastern Time) on June 1, 2023**.

6.      If a Class 10 Master Opt-Out Form is received by the Solicitation Agent after the Opt-Out Deadline, it will not be effective.  Additionally, the following Opt-Out Forms will NOT be counted:

- ANY CLASS 10 MASTER OPT-OUT FORM THAT IS ILLEGIBLE OR CONTAINS INSUFFICIENT INFORMATION TO PERMIT THE IDENTIFICATION OF THE HOLDER OF THE INTEREST;

- ANY CLASS 10 MASTER OPT-OUT FORM CAST BY OR ON BEHALF OF AN ENTITY THAT IS NOT ENTITLED TO OPT-OUT OF THE RELEASES;

- ANY CLASS 10 MASTER OPT-OUT FORM SENT TO THE DEBTORS, THE DEBTORS' AGENTS/REPRESENTATIVES (OTHER THAN THE SOLICITATION AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS;

- ANY UNSIGNED CLASS 10 MASTER OPT-OUT FORM; OR

- ANY CLASS 10 MASTER OPT-OUT FORM NOT COMPLETED IN ACCORDANCE WITH THE PROCEDURES APPROVED IN THE SCHEDULING ORDER.

7. The method of delivery of Class 10 Master Opt-Out Forms to the Solicitation Agent is at the election and risk of Nominee. Except as otherwise provided herein, such delivery will be deemed made to the Solicitation Agent only when the Solicitation Agent **actually receives** the originally executed Class 10 Master Opt-Out Form. Nominees should allow sufficient time to assure timely delivery.

8. Multiple Class 10 Master Opt-Out Forms may be completed and delivered to the Solicitation Agent. Elections reflected by multiple Class 10 Master Opt-Out Forms will be deemed valid. If two or more Class 10 Master Opt-Out Forms are submitted, please mark the subsequent Class 10 Master Opt-Out Form(s) with the words "Additional Election" or such other language as you customarily use to indicate an additional election that is not meant to revoke an earlier election.

9. The Class 10 Master Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to transmit elections to opt-out of the Releases. Holders of Interests in Lannett Company, Inc. should not surrender certificates (if any) representing their Interests at this time, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates transmitted together with a Class 10 Master Opt-Out Form.

10. This Class 10 Master Opt-Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim, (b) proof of interest, or (c) an assertion or admission of a Claim or Interest.

11. Please be sure to sign and date your Class 10 Master Opt-Out Form. If you are signing a Class 10 Master Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 10 Master Opt-Out Form.

12. No fees or commissions or other remuneration will be payable to any broker, bank, dealer or other person in connection with this solicitation. Upon written request, however, the Debtor will reimburse you for reasonable, customary mailing and handling expenses incurred by you in forwarding the Class 10 Master Opt-Out Form to your client(s).

**<u>PLEASE RETURN YOUR CLASS 10 MASTER OPT-OUT FORM PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 10 MASTER OPT-OUT FORM OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**(888) 481-0009 (USA or Canada) or +1 (747) 293-0012 (International)**

**Or via <u>email</u> at: lciinquiries@omniagnt.com**

---

**IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS CLASS 10 MASTER OPT-OUT FORM FROM YOU BEFORE THE OPT-OUT DEADLINE, WHICH IS 5:00 P.M. PREVAILING EASTERN TIME ON JUNE 1, 2023, THEN THE OPT-OUT ELECTIONS TRANSMITTED THEREBY WILL NOT BE EFFECTIVE.**

---

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE DOCUMENTS MAILED HEREWITH.

**Exhibit A**

***Please check ONLY ONE box below to indicate the CUSIP/ISIN to which this Class 10 Master Opt-Out Form pertains (or clearly indicate such information directly on the Class 10 Master Opt-Out Form or on a schedule thereto). If you check more than one box below, the Beneficial Holder votes submitted on this Class 10 Master Opt-Out Form may be invalidated:***

| | DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| ☐ | [●] | [●] |

**Exhibit 5A**

**First Lien Senior Secured Notes Claims Master Ballot (Class 3)**

**MASTER BALLOT FOR VOTING ON THE JOINT
PREPACKAGED PLAN OF REORGANIZATION OF LANNETT COMPANY, INC. AND
ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 – FIRST LIEN SENIOR SECURED NOTES CLAIMS**

**PLEASE READ - YOUR RESPONSE IS REQUIRED BY MAY 16, 2023**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE JOINT PREPACKAGED PLAN OF REORGANIZATION OF LANNETT COMPANY, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "PLAN")[1] INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN), WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "TRANSACTION") UPON THE EMERGENCE OF LANNETT COMPANY, INC. AND ITS DEBTOR AFFILIATES (THE "COMPANY") FROM CHAPTER 11.  THE COMPANY HAS NOT COMMENCED CHAPTER 11 CASES AS OF THE DATE HEREOF.

- THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY OMNI AGENT SOLUTIONS, INC. (THE "SOLICITATION AGENT") BEFORE **5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023** (THE "VOTING DEADLINE").

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT LCIINQUIRIES@OMNIAGNT.COM OR CALL (888) 481-0009 (USA OR CANADA) OR +1 (747) 293-0012 (INTERNATIONAL).

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 2 OF THIS BALLOT.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of certain provisions contained in the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

The Company is soliciting votes with respect to the Plan as set forth in the *Disclosure Statement For the Joint Prepackaged Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement").  The Company expects to file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Transaction through the chapter 11 bankruptcy process and the Plan.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in that Voting Class votes to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims and Interests in the Voting Class, among others.

You are receiving this master ballot (this "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[2] of a First Lien Senior Secured Notes Claim in Class 3 (the "Voting Class") as of **April 21, 2023** (the "Voting Record Date").

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Class 3 Claims to transmit to the Solicitation Agent the votes of such Beneficial Holders in respect of their Class 3 Claims to accept or reject the Plan.  The CUSIP numbers (the "CUSIP") for Class 3 Claims entitled to vote and of which you are the Nominee are set forth on Exhibit A attached hereto.  THE VOTES ON THIS BALLOT FOR BENEFICIAL HOLDERS OF CLAIMS IN CLASS 3 SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM SUCH BENEFICIAL HOLDERS HAVE A CLASS 3 CLAIM.**

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials (the "Solicitation Package") have been distributed under separate cover from this Master Ballot.  This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.  Once completed and returned in accordance with the attached instructions, the votes on the Plan will be counted as set forth herein.

You are authorized to disseminate information and materials pertaining to the solicitation of Plan votes, and to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Bankruptcy Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests.  To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Notice and Claims Agent **actually receives** it on or before the Voting Deadline.

<div align="center">

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023.**

</div>

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

      ☐   is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Claims listed in Item 2 below, and is the record holder of such notes; or

---

[2]   "Beneficial Holder" is a beneficial owner of Class 3 Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

☐   is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below; or

☐   has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Claims described in Item 2.

**Item 2.  Claims in the Voting Class Vote on Plan and Item 3.  Releases.**

The undersigned transmits the following votes and releases of Beneficial Holders of Claims against the Debtors in the Voting Class as set forth below and certifies that the following Beneficial Holders of the Classes of Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of their Claims in the Voting Class either to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan in the Voting Class will not be counted.  If the Beneficial Holder has checked the box on Item 2 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims, as detailed in Article VIII.D of the Plan, please place an X in the Item 3 column of the Voting Class below.  The full text of Article VIII.D is duplicated in the Master Ballot Instructions.

3

| CUSIP AS INDICATED ON EXHIBIT A ATTACHED HERETO | | | | |
|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder Who Voted in this Plan Class** | **Principal Amount Held as of the Voting Record Date** | **Item 2**<br><br>**Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below.** | | **Item 3**<br><br>**If the box in Item 2 of the Beneficial Holder Ballot was completed, place an "X" in the column below.** |
| | | **Accept the Plan** | **or** | **Reject the Plan** | |
| **Class 3 – First Lien Senior Secured Notes Claims** | | | | |
| 1. | $ | | | |
| 2. | $ | | | |
| 3. | $ | | | |
| 4. | $ | | | |
| 5. | $ | | | |
| 6. | $ | | | |
| **TOTALS** | $ | | | |

4

**Item 3.  Certification as to Transcription of Information from Item 3 of the Ballots as to Claims in the Voting Class Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3 of each Ballot received from a Beneficial Holder.  Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Claims Voted | DTC Participant Name and Number | Principal Amount of Other Claims Voted | CUSIP of Other Claims Voted |
| **Class 3 – First Lien Senior Secured Notes Claims** | | | | |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 4.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.      it has received a copy of the Disclosure Statement, the Plan, the Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims in the Voting Class listed in Item 2 above or delivered materials via other customary communications used to solicit or collect votes;

2.      it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot;

3.      it is the Nominee of the Beneficial Holder of the securities being voted;

4.      it has been authorized by each such Beneficial Holder to vote on the Plan;

5.      it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Claims in the Voting Class as set forth in Item 2, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

6.      it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee:        _____
                                            (Print or type)

DTC Participant Number: _____

Name of Proxy Holder or Agent
for Nominee (if applicable):
                                 _____
                                            (Print or type)

Signature:                   _____


Name of Signatory:      _____

Title:                         _____

Address:                     _____

                                 _____

                                 _____

Date Completed:         _____

Email Address:            _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023.**

**PLEASE COMPLETE AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED, OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS BELOW, OR BY EMAIL (INSTRUCTIONS BELOW) SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

**By First-Class Mail, Overnight Mail, or Hand Delivery to:**

Lannett Company, Inc. Ballot Processing
c/o Omni Agent Solutions, Inc.
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367
OR

**By Electronic Mail to:**

LCIballots@omniagnt.com

**By Using the Electronic Portal at:**

https://omniagentsolutions.com/LCI-ballots

**IF YOU HAVE ANY QUESTIONS ABOUT THE SOLICITATION OR VOTING PROCESS, PLEASE CONTACT THE SOLICITATION AGENT AT (888) 481-0009 (U.S. AND CANADA TOLL FREE) OR (747) 293-0012 (INTERNATIONAL) OR LCIINQUIRIES@OMNIAGNT.COM. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

**MASTER BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN BY E-MAIL TO LCIBALLOTS@OMNIAGNT.COM).**

**THE MASTER BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

## VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Company is soliciting the votes of Beneficial Holders of Class 3 Claims with respect to the Plan referred to in the Disclosure Statement.  The Plan and the Disclosure Statement are included in the Solicitation Package.  Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.  The Plan may be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  You should immediately distribute the Ballots (or other customary material used to collect votes in lieu of the Ballots) and the Solicitation Package to all Beneficial Holders of Class 3 Claims and take any action required to enable each such Beneficial Holder to timely vote the Claims that it holds.  You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices.  You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.  Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 5:00 p.m., prevailing Eastern Time, on May 16, 2023, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

    If you are transmitting the votes of any beneficial owners of Claims in the Voting Class, you must, within two (2) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 3 Claim for voting (along with a return envelope provided by and addressed to the Nominee, if applicable), with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee.  In such case, the Nominee will tabulate the votes of its respective Beneficial Holders on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent.  The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is **actually received** by the Solicitation Agent on or before the Voting Deadline.

4.  With regard to any Ballots returned to you by a Beneficial Holder, you must:  (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date.  You may be ordered to produce the Ballots to the Company or the Bankruptcy Court.

5.  The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline.  **The Voting Deadline is May 16, 2023, at 5:00 p.m., prevailing Eastern Time**.

6.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Company determines otherwise or as permitted by applicable law or court order.  In all cases, Nominees should allow sufficient time to ensure timely delivery.  No Ballot should be sent to the Company or the Company's financial or legal advisors.  A Ballot will not be counted unless received by the Solicitation Agent.

7.  If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the vote on the last properly completed Master

Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.      If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

9.      If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Company will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.     The Ballot does not constitute, and shall not be deemed to be:  (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim in the Company's chapter 11 cases.

12.     Please be sure to sign and date your Master Ballot.  You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Company, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.     If you are both the Nominee and the Beneficial Holder of any of the Claims in the Voting Class and you wish to vote such Claims in the Voting Class, you may return a Master Ballot for such Claims in the Voting Class and you must vote your entire Claim in the Voting Class to either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot, other than a Master Ballot with the votes of multiple Holders, that partially rejects and partially accepts the Plan will not be counted.

14.     The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot not marked to accept or reject the Plan; and (e) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

    <u>The following additional rules shall apply to Master Ballots:</u>

16.     Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims in the Voting Class as of the Record Date, as evidenced by the record and depository listings;

17.     Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the record amount of the Claims in the Voting Class held by such Nominee;

18.     To the extent that conflicting votes or "overvotes" are submitted by a Nominee pursuant to a Master Ballot the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.     To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Nominee's position in the relevant Claims in the Voting Class; and

20.     For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the Claim amount.

**Important Information Regarding Releases under the Plan**:[3]

The Plan includes the following release provisions:

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate's representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against or Interest in a Debtor or other Entity, or that any holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; (b) the rights of any Holder of Allowed Claims to receive distributions**

---

[3]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  You should read the Plan before completing this Master Ballot.

under the Plan; or (c) any matters retained by the Debtors and the Reorganized Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for a hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

As of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; or (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

Definitions Related to the Debtor Release, the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTIES***" MEANS, WITH RESPECT TO AN ENTITY, COLLECTIVELY, (A) SUCH ENTITY'S CURRENT AND FORMER AFFILIATES AND (B) SUCH ENTITY'S AND SUCH ENTITY'S CURRENT AND FORMER AFFILIATES' DIRECTORS, MANAGERS, OFFICERS, SHAREHOLDERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING ANY DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, OTHER REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES, ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITIES AS SUCH (INCLUDING ANY OTHER ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS EACH OF, AND IN EACH CASE IN THEIR CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; (E) THE RELEASING PARTIES; AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (E); PROVIDED, THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "***RELEASING PARTY***" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; (E) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE PRESUMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (H) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (I)  FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; PROVIDED THAT, FOR THE AVOIDANCE OF DOUBT, EACH HOLDER OF CLAIMS AND/OR INTERESTS THAT IS PARTY TO OR HAS OTHERWISE SIGNED THE RESTRUCTURING SUPPORT AGREEMENT SHALL NOT OPT OUT OF THE RELEASES.

Article VIII.F of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Notwithstanding anything contained in the Plan to the contrary, to the fullest extent permitted by applicable law, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to or arising out of the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that**

is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

Effective as of the Effective Date, all Entities that have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities; (4) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities unless such Holder has filed a motion requesting the right to perform such setoff on or before the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities released, settled or subject to exculpation pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the Takeback Exit Facility and the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement, the Takeback Exit Facility, and the New RCF, as applicable) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.F of the Plan.

IF YOU HAVE ANY QUESTIONS ABOUT THE SOLICITATION OR VOTING PROCESS, PLEASE CONTACT THE SOLICITATION AGENT AT (888) 481-0009 (U.S. AND CANADA TOLL FREE) OR +1 (747) 293-0012 (INTERNATIONAL) OR LCIINQUIRIES@OMNIAGNT.COM. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY**

**Exhibit A**

***Please check ONLY ONE box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto). If you check more than one box below, the Beneficial Holder votes submitted on this Master Ballot may be invalidated:***

|  | BOND DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| | **Class 3 (First Lien Senior Secured Notes Claims)** | |
| ☐ | [●] | [●] |
| ☐ | [●] | [●] |
| ☐ | [●] | [●] |

## **Exhibit 5B**

**First Lien Senior Secured Notes Claims Beneficial Holder Ballot (Class 3)**

**BENEFICIAL HOLDER BALLOT FOR VOTING ON THE JOINT
PREPACKAGED PLAN OF REORGANIZATION OF LANNETT COMPANY, INC. AND
ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 – FIRST LIEN SENIOR SECURED NOTES CLAIMS**

**PLEASE READ - YOUR RESPONSE IS REQUIRED BY MAY 16, 2023**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE JOINT PREPACKAGED PLAN OF REORGANIZATION OF LANNETT COMPANY, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "PLAN")[1] INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN), WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "TRANSACTION") UPON THE EMERGENCE OF LANNETT COMPANY, INC. AND ITS DEBTOR AFFILIATES (THE "COMPANY") FROM CHAPTER 11. THE COMPANY HAS NOT COMMENCED CHAPTER 11 CASES AS OF THE DATE HEREOF.

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY OMNI AGENT SOLUTIONS, INC. (THE "SOLICITATION AGENT") BEFORE **5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023** (THE "VOTING DEADLINE").

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT LCIINQUIRIES@OMNIAGNT.COM OR CALL (888) 481-0009 (USA OR CANADA) OR +1 (747) 293-0012 (INTERNATIONAL).  IF YOU HAVE QUESTIONS ABOUT THE VOTING PROCEDURES OR VOTING INSTRUCTIONS, INCLUDING ANY QUESTIONS ABOUT HOW TO SUBMIT YOUR VOTE, PLEASE CONTACT YOUR NOMINEE (AS DEFINED BELOW).

- IF A BENEFICIAL HOLDER[2] HOLDS CLASS 3 CLAIMS THROUGH ONE OR MORE NOMINEES,[3] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS 3 CLAIMS HELD IN ACCORDANCE WITH ITEM 3 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

---

[1]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of certain provisions contained in the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

[2]  "Beneficial Holder" is a beneficial owner of Class 3 Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company and/or the applicable indenture trustee, as of the Voting Record Date.

[3]  "Nominee" means a broker, dealer, commercial bank, trust company, or other nominee who holds Class 3 Claims, or such firm's agent, on behalf of a Beneficial Holder.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 2 OF THIS BALLOT.

The Company is soliciting votes with respect to the Plan as set forth in the *Disclosure Statement For the Joint Prepackaged Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement").  The Company expects to file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Transaction through the chapter 11 bankruptcy process and the Plan.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in that Voting Class votes to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims and Interests in the Voting Class, among others.

You are receiving this ballot (the "Ballot") because your Nominee has identified you as a Beneficial Holder of a First Lien Senior Secured Notes Claim in Class 3 (the "Voting Class") as of **April 21, 2023** (the "Voting Record Date").  Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package").  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto, including with respect to releases by Holders of Claims and Interests.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE SUCH CLAIM(S).**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 3 under the Plan*

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023.**

**Item 1.  Voting - Complete This Section.**

| **ITEM 1**: PRINCIPAL AMOUNT OF CLAIMS | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Claim(s) in the Voting Class as set forth below (your "Claims").  If you do not know the amount of your Class 3 First Lien Senior Secured Claim as of the Voting Record Date, please contact your Nominee for this information.  You may vote to accept or reject the Plan.  You must check the applicable box in the right-hand |
|---|---|

2

|  | column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted. |
|  | Please note that you are voting all of your Claims in the Voting Class either to accept or reject the Plan. You may not split your vote in the Voting Class. If you do not indicate that you either accept or reject the Plan in the Voting Class by checking the applicable box below, your vote in the Voting Class will not be counted. If you indicate that you both accept and reject the Plan for the Voting Class by checking both boxes below, your vote in the Voting Class will not be counted. |
|  | The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor. Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor. |
|  | The Beneficial Holder of the Claim(s) in the Voting Class set forth below votes to (*please check one and only one box per applicable Voting Claim or Interest*): |

| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
|---|---|---|---|
| Class 3 | First Lien Senior Secured Notes Claims | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN ☐ REJECT (VOTE AGAINST) THE PLAN |

**Item 2.  Important Information Regarding Releases under the Plan.**[4]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate's representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against or Interest in a Debtor or other Entity, or that any holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the**

---

[4]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. You should read the Plan before completing this Ballot.

Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan; or (c) any matters retained by the Debtors and the Reorganized Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:  (a) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for a hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

As of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; or (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the Claims

released by the Third-Party Release; (e) in the best interests of the Debtors their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*RELATED PARTIES*" MEANS, WITH RESPECT TO AN ENTITY, COLLECTIVELY, (A) SUCH ENTITY'S CURRENT AND FORMER AFFILIATES AND (B) SUCH ENTITY'S AND SUCH ENTITY'S CURRENT AND FORMER AFFILIATES' DIRECTORS, MANAGERS, OFFICERS, SHAREHOLDERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING ANY DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, OTHER REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES, ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITIES AS SUCH (INCLUDING ANY OTHER ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "*RELEASED PARTY*" MEANS EACH OF, AND IN EACH CASE IN THEIR CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; (E) THE RELEASING PARTIES; AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (E); PROVIDED, THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "*RELEASING PARTY*" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; (E) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE PRESUMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (H) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (I)  FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; PROVIDED THAT, FOR THE AVOIDANCE OF DOUBT, EACH HOLDER OF CLAIMS AND/OR INTERESTS THAT IS PARTY TO OR HAS OTHERWISE SIGNED THE RESTRUCTURING SUPPORT AGREEMENT SHALL NOT OPT OUT OF THE RELEASES.

### **IMPORTANT INFORMATION REGARDING THE RELEASES:**

AS A HOLDER OF THE CLAIMS IN THE VOTING CLASS IDENTIFIED IN ITEM 1, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT, ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN IF:  (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES; <u>AND</u> (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT OUT BY THE VOTING DEADLINE.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION, SUBJECT TO ANY OBLIGATION YOU MAY HAVE UNDER THE RESTRUCTURING SUPPORT

AGREEMENT.  BY OPTING OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

☐    **By checking this box, the Holder of the Claims identified in Item 1 elects to opt out of the Third-Party Release.**

Article VIII.F of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Notwithstanding anything contained in the Plan to the contrary, to the fullest extent permitted by applicable law, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to or arising out of the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**Effective as of the Effective Date, all Entities that have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities; (4) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities unless such Holder has filed a motion requesting the right to perform such setoff on or before the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities released, settled or subject to exculpation pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the Takeback Exit Facility and the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement, the Takeback Exit Facility, and the New RCF, as applicable) executed to implement the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.F of the Plan.**

**Item 3.  Certification of Claims in the Voting Class Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claims identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Claims in the Voting Class identified in Item 1 owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table.  **To be clear, if any Beneficial Holder holds Claims in a Voting Class through one or more Nominees, such Beneficial Holder must identify all Claims in the Voting Class held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 3 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF THE SAME VOTING CLASS

| Account Number of Other Claims Voted in the Voting Class | Name of Owner[5] | Principal Amount of Other Claims Voted in the Voting Class | CUSIP of Other Claims Voted in the Voting Class |
|---|---|---|---|
| Class 3 – First Lien Senior Secured Notes Claims | | | |
| | | | |
| | | | |
| | | | |
| | | | |

---

[5]    **Insert your name if the Claims in the respective Voting Class are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank and their DTC Participant Number.**

**Item 4.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of the Claims in the Voting Class set forth in Item 1;

b.      the Beneficial Holder has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Claims in the Voting Class;

e.      the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.      the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of the Claims in the Voting Class set forth in Item 1 held by the Beneficial Holder as of the Voting Record Date with any Nominee through which the Beneficial Holder holds its the Claims in the Voting Class set forth in Item 1 and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Company's records shall control; and

g.      the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

**Item 5.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____
                                                                        (*print or type*)

DTC Participant Number:_____

Signature:_____

Name of Signatory:_____
                                                            (*if other than Beneficial Holder*)

Title: _____

Address:_____

_____

_____

Date Completed:_____

Email Address:_____

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE.  THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE SOLICITATION OR VOTING PROCESS, PLEASE CONTACT THE SOLICITATION AGENT AT (888) 481-0009 (U.S. AND CANADA TOLL FREE) OR +1 (747) 293-0012 (INTERNATIONAL) OR LCIINQUIRIES@OMNIAGNT.COM.  ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

1.      As described in the Disclosure Statement, the Company is soliciting the votes of Beneficial Holders of Class 3 Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and the Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

2.      The Plan may be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.      To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 1 of the Ballot; and (c) **sign and return the Ballot** in accordance with the instructions received, **so that a Master Ballot cast on your behalf is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the Voting Deadline. Your Nominee is authorized to disseminate the Solicitation Packages and voting instructions to, and collect voting information from, Beneficial Holders according to its customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

        If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot to your Nominee, including all certifications.

4.      The time by which a Ballot or Master Ballot including your vote is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is May 16, 2023, at 5:00 p.m., prevailing Eastern Time.**

5.      If a Ballot is received after the Voting Deadline, it will not be counted unless the Company determines otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to ensure timely delivery. No Ballot should be sent to the Company or the Company's financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.      The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.      If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8.      If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not

surrender certificates or instruments representing or evidencing their Claims, and the Company will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.    The Ballot does not constitute, and shall not be deemed to be:  (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim.

11.    Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.    You must vote your entire Claim in the Voting Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan as to the Voting Class will not be counted as a vote to accept or reject the Plan as to that Class.

13.    Any Ballot that is properly completed, executed, and timely returned to the Company that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.    The following Ballots will not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.    If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims or Interests indicated on that Ballot. Please complete and return each Ballot you receive.

16.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

_____

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent at lciinquiries@omniagnt.com OR call (888) 481-0009 (U.S. AND CANADA TOLL FREE) OR +1 (747) 293-0012 (INTERNATIONAL).**

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**Exhibit A**

*Please check one box below to indicate the CUSIP/ISIN to which this Beneficial Ballot pertains.  If you check more than one box below you risk having your vote invalidated.*

| | BOND DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| | **Class 3 - First Lien Senior Secured Notes Claims** | |
| ☐ | [●] | [●] |
| ☐ | [●] | [●] |
| ☐ | [●] | [●] |

## **Exhibit 6A**

**Second Lien Term Loan Claims Master Ballot (Class 4)**

**MASTER BALLOT FOR VOTING ON THE JOINT**
**PREPACKAGED PLAN OF REORGANIZATION OF LANNETT COMPANY, INC. AND**
**ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4 – SECOND LIEN TERM LOAN CLAIMS**

**PLEASE READ - YOUR RESPONSE IS REQUIRED BY MAY 16, 2023**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE JOINT PREPACKAGED PLAN OF REORGANIZATION OF LANNETT COMPANY, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "PLAN")[1] INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN), WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "TRANSACTION") UPON THE EMERGENCE OF LANNETT COMPANY, INC. AND ITS DEBTOR AFFILIATES (THE "COMPANY") FROM CHAPTER 11.  THE COMPANY HAS NOT COMMENCED CHAPTER 11 CASES AS OF THE DATE HEREOF.

- THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY OMNI AGENT SOLUTIONS, INC. (THE "SOLICITATION AGENT") BEFORE **5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023** (THE "VOTING DEADLINE").

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT LCIINQUIRIES@OMNIAGNT.COM OR CALL (888) 481-0009 (USA OR CANADA) OR +1 (747) 293-0012 (INTERNATIONAL).

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 2 OF THIS BALLOT.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of certain provisions contained in the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

The Company is soliciting votes with respect to the Plan as set forth in the *Disclosure Statement For the Joint Prepackaged Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The Company expects to file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Transaction through the chapter 11 bankruptcy process and the Plan. Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in that Voting Class votes to accept the Plan. The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims and Interests in the Voting Class, among others.

You are receiving this master ballot (this "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[2] of a Second Lien Term Loan Claim in Class 4 (the "Voting Class") as of **April 21, 2023** (the "Voting Record Date").

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Class 4 Claims to transmit to the Solicitation Agent the votes of such Beneficial Holders in respect of their Class 4 Claims to accept or reject the Plan. The CUSIP numbers (the "CUSIP") for Class 4 Claims entitled to vote and of which you are the Nominee are set forth on Exhibit A attached hereto. THE VOTES ON THIS BALLOT FOR BENEFICIAL HOLDERS OF CLAIMS IN CLASS 4 SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM SUCH BENEFICIAL HOLDERS HAVE A CLASS 4 CLAIM.**

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, and certain other materials (the "Solicitation Package") have been distributed under separate cover from this Master Ballot. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. Once completed and returned in accordance with the attached instructions, the votes on the Plan will be counted as set forth herein.

You are authorized to disseminate information and materials pertaining to the solicitation of Plan votes, and to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Bankruptcy Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Notice and Claims Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Claims listed in Item 2 below, and is the record holder of such notes; or

---

[2] "Beneficial Holder" is a beneficial owner of Class 4 Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable administrative agent as of the Voting Record Date.

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below; or

☐ has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Claims described in Item 2.

**Item 2. Claims in the Voting Class Vote on Plan and Item 3. Releases.**

The undersigned transmits the following votes and releases of Beneficial Holders of Claims against the Debtors in the Voting Class as set forth below and certifies that the following Beneficial Holders of the Classes of Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each Beneficial Holder must vote all of their Claims in the Voting Class either to accept or reject the Plan and may not split such vote. Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan in the Voting Class will not be counted. If the Beneficial Holder has checked the box on Item 2 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims, as detailed in Article VIII.D of the Plan, please place an X in the Item 3 column of the Voting Class below. The full text of Article VIII.D is duplicated in the Master Ballot Instructions.

| CUSIP AS INDICATED ON EXHIBIT A ATTACHED HERETO | | | | |
|---|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder Who Voted in this Plan Class** | **Principal Amount Held as of the Voting Record Date** | **Item 2**<br><br>**Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below.** | | **Item 3**<br><br>**If the box in Item 2 of the Beneficial Holder Ballot was completed, place an "X" in the column below.** |
| | | **Accept the Plan** | **or** | **Reject the Plan** | |
| **Class 4 – Second Lien Term Loan Claims** | | | | |
| 1. | $ | | | |
| 2. | $ | | | |
| 3. | $ | | | |
| 4. | $ | | | |
| 5. | $ | | | |
| 6. | $ | | | |
| **TOTALS** | $ | | | |

**Item 3. Certification as to Transcription of Information from Item 3 of the Ballots as to Claims in the Voting Class Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3 of each Ballot received from a Beneficial Holder.  Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Claims Voted | DTC Participant Name and Number | Principal Amount of Other Claims Voted | CUSIP of Other Claims Voted |
| Class 4 – Second Lien Term Loan Claims | | | | |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 4.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.       it has received a copy of the Disclosure Statement, the Plan, the Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims in the Voting Class listed in Item 2 above or delivered materials via other customary communications used to solicit or collect votes;

2.       it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot;

3.       it is the Nominee of the Beneficial Holder of the securities being voted;

4.       it has been authorized by each such Beneficial Holder to vote on the Plan;

5.       it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Claims in the Voting Class as set forth in Item 2, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

6.       it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee:       _____
                                                                (Print or type)

DTC Participant Number: _____

Name of Proxy Holder or Agent
for Nominee (if applicable):
                                          _____
                                                                (Print or type)

Signature:                   _____


Name of Signatory:      _____

Title:                          _____

Address:                     _____

                                    _____

                                    _____

Date Completed:         _____

Email Address:            _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023.**

**PLEASE COMPLETE AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED, OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS BELOW, OR BY EMAIL (INSTRUCTIONS BELOW) SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

**By First-Class Mail, Overnight Mail, or Hand Delivery to:**

Lannett Company, Inc. Ballot Processing
c/o Omni Agent Solutions, Inc.
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367
<u>OR</u>

**By Electronic Mail to:**

LCIballots@omniagnt.com

**By Using the Electronic Portal at:**

https://omniagentsolutions.com/LCI-ballots

**IF YOU HAVE ANY QUESTIONS ABOUT THE SOLICITATION OR VOTING PROCESS, PLEASE CONTACT THE SOLICITATION AGENT AT (888) 481-0009 (U.S. AND CANADA TOLL FREE) OR (747) 293-0012 (INTERNATIONAL) OR LCIINQUIRIES@OMNIAGNT.COM. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

**MASTER BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN BY E-MAIL TO <u>LCIBALLOTS@OMNIAGNT.COM</u>).**

**THE MASTER BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

**VOTING INSTRUCTIONS**

1.    As described in the Disclosure Statement, the Company is soliciting the votes of Beneficial Holders of Class 4 Claims with respect to the Plan referred to in the Disclosure Statement.  The Plan and the Disclosure Statement are included in the Solicitation Package.  Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.    The Plan may be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.    You should immediately distribute the Ballots (or other customary material used to collect votes in lieu of the Ballots) and the Solicitation Package to all Beneficial Holders of Class 4 Claims and take any action required to enable each such Beneficial Holder to timely vote the Claims that it holds.  You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices.  You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.  Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 5:00 p.m., prevailing Eastern Time, on May 16, 2023, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

If you are transmitting the votes of any beneficial owners of Claims in the Voting Class, you must, within two (2) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 4 Claim for voting (along with a return envelope provided by and addressed to the Nominee, if applicable), with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee.  In such case, the Nominee will tabulate the votes of its respective Beneficial Holders on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent.  The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is **actually received** by the Solicitation Agent on or before the Voting Deadline.

4.    With regard to any Ballots returned to you by a Beneficial Holder, you must:  (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date.  You may be ordered to produce the Ballots to the Company or the Bankruptcy Court.

5.    The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline.  **The Voting Deadline is May 16, 2023, at 5:00 p.m., prevailing Eastern Time**.

6.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Company determines otherwise or as permitted by applicable law or court order.  In all cases, Nominees should allow sufficient time to ensure timely delivery.  No Ballot should be sent to the Company or the Company's financial or legal advisors.  A Ballot will not be counted unless received by the Solicitation Agent.

7.    If multiple Master Ballots are received prior to the Voting Deadline from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim, the vote on the last properly completed Master

Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.     If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

9.     If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Company will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.    The Ballot does not constitute, and shall not be deemed to be:  (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim in the Company's chapter 11 cases.

12.    Please be sure to sign and date your Master Ballot.  You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Company, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.    If you are both the Nominee and the Beneficial Holder of any of the Claims in the Voting Class and you wish to vote such Claims in the Voting Class, you may return a Master Ballot for such Claims in the Voting Class and you must vote your entire Claim in the Voting Class to either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot, other than a Master Ballot with the votes of multiple Holders, that partially rejects and partially accepts the Plan will not be counted.

14.    The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot not marked to accept or reject the Plan; and (e) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

The following additional rules shall apply to Master Ballots:

16.    Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims in the Voting Class as of the Record Date, as evidenced by the record and depository listings;

17.    Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the record amount of the Claims in the Voting Class held by such Nominee;

18.    To the extent that conflicting votes or "overvotes" are submitted by a Nominee pursuant to a Master Ballot the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.    To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Nominee's position in the relevant Claims in the Voting Class; and

20.    For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the Claim amount.

**Important Information Regarding Releases under the Plan**:[3]

The Plan includes the following release provisions:

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate's representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against or Interest in a Debtor or other Entity, or that any holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; (b) the rights of any Holder of Allowed Claims to receive distributions**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  You should read the Plan before completing this Master Ballot.

under the Plan; or (c) any matters retained by the Debtors and the Reorganized Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:  (a) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for a hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

As of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; or (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

Definitions Related to the Debtor Release, the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTIES***" MEANS, WITH RESPECT TO AN ENTITY, COLLECTIVELY, (A) SUCH ENTITY'S CURRENT AND FORMER AFFILIATES AND (B) SUCH ENTITY'S AND SUCH ENTITY'S CURRENT AND FORMER AFFILIATES' DIRECTORS, MANAGERS, OFFICERS, SHAREHOLDERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING ANY DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, OTHER REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES, ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITIES AS SUCH (INCLUDING ANY OTHER ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS EACH OF, AND IN EACH CASE IN THEIR CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; (E) THE RELEASING PARTIES; AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (E); PROVIDED, THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "***RELEASING PARTY***" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; (E) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE PRESUMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (H) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (I)  FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; PROVIDED THAT, FOR THE AVOIDANCE OF DOUBT, EACH HOLDER OF CLAIMS AND/OR INTERESTS THAT IS PARTY TO OR HAS OTHERWISE SIGNED THE RESTRUCTURING SUPPORT AGREEMENT SHALL NOT OPT OUT OF THE RELEASES.

Article VIII.F of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Notwithstanding anything contained in the Plan to the contrary, to the fullest extent permitted by applicable law, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to or arising out of the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that**

12

is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**Effective as of the Effective Date, all Entities that have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities; (4) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities unless such Holder has filed a motion requesting the right to perform such setoff on or before the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities released, settled or subject to exculpation pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the Takeback Exit Facility and the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement, the Takeback Exit Facility, and the New RCF, as applicable) executed to implement the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.F of the Plan.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE SOLICITATION OR VOTING PROCESS, PLEASE CONTACT THE SOLICITATION AGENT AT (888) 481-0009 (U.S. AND CANADA TOLL FREE) OR +1 (747) 293-0012 (INTERNATIONAL) OR LCIINQUIRIES@OMNIAGNT.COM. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

**<u>PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY</u>**

**Exhibit A**

*Please check ONLY ONE box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto). If you check more than one box below, the Beneficial Holder votes submitted on this Master Ballot may be invalidated:*

| | DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| | **Class 4 (Second Lien Term Loan Claims)** | |
| ☐ | [●] | [●] |
| ☐ | [●] | [●] |
| ☐ | [●] | [●] |

**Exhibit 6B**

**Second Lien Term Loan Claims Beneficial Holder Ballot (Class 4)**

**BENEFICIAL HOLDER BALLOT FOR VOTING ON THE JOINT
PREPACKAGED PLAN OF REORGANIZATION OF LANNETT COMPANY, INC. AND
ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4 – SECOND LIEN TERM LOAN CLAIMS**

**PLEASE READ - YOUR RESPONSE IS REQUIRED BY MAY 16, 2023**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE JOINT PREPACKAGED PLAN OF REORGANIZATION OF LANNETT COMPANY, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (AS MAY BE MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "PLAN")[1] INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN), WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES A COMPREHENSIVE RESTRUCTURING TRANSACTION (THE "TRANSACTION") UPON THE EMERGENCE OF LANNETT COMPANY, INC. AND ITS DEBTOR AFFILIATES (THE "COMPANY") FROM CHAPTER 11. THE COMPANY HAS NOT COMMENCED CHAPTER 11 CASES AS OF THE DATE HEREOF.

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY OMNI AGENT SOLUTIONS, INC. (THE "SOLICITATION AGENT") BEFORE **5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023** (THE "VOTING DEADLINE").

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT LCIINQUIRIES@OMNIAGNT.COM OR CALL (888) 481-0009 (USA OR CANADA) OR +1 (747) 293-0012 (INTERNATIONAL).  IF YOU HAVE QUESTIONS ABOUT THE VOTING PROCEDURES OR VOTING INSTRUCTIONS, INCLUDING ANY QUESTIONS ABOUT HOW TO SUBMIT YOUR VOTE, PLEASE CONTACT YOUR NOMINEE (AS DEFINED BELOW).

- IF A BENEFICIAL HOLDER[2] HOLDS CLASS 4 CLAIMS THROUGH ONE OR MORE NOMINEES,[3] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS 4 CLAIMS HELD IN ACCORDANCE WITH ITEM 3 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

---

[1]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of certain provisions contained in the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

[2]  "Beneficial Holder" is a beneficial owner of Class 4 Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company and/or the applicable indenture trustee, as of the Voting Record Date.

[3]  "Nominee" means a broker, dealer, commercial bank, trust company, or other nominee who holds Class 4 Claims, or such firm's agent, on behalf of a Beneficial Holder.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

- CONFIRMATION OF THE PLAN IS EXPRESSLY CONDITIONED UPON BANKRUPTCY COURT APPROVAL OF THE RELEASES BY RELEASING PARTIES (AS DESCRIBED BELOW AND LOCATED IN ARTICLE VIII OF THE PLAN), WHICH, IF APPROVED BY THE BANKRUPTCY COURT, WOULD PERMANENTLY ENJOIN HOLDERS OF CERTAIN CLAIMS AGAINST THIRD PARTIES FROM ASSERTING SUCH CLAIMS AGAINST SUCH NON-DEBTOR THIRD PARTIES.  THE RELEASES BY RELEASING PARTIES, IF APPROVED, WILL BIND AFFECTED HOLDERS OF CLAIMS AND INTERESTS IN THE MANNER DESCRIBED IN ITEM 2 OF THIS BALLOT.

The Company is soliciting votes with respect to the Plan as set forth in the *Disclosure Statement For the Joint Prepackaged Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (collectively, and as each may be modified, amended, or supplemented from time to time, the "Disclosure Statement").  The Company expects to file for protection under title 11 of the United States Code (the "Bankruptcy Code") in a bankruptcy court of competent jurisdiction (the "Bankruptcy Court") and seek to consummate the Transaction through the chapter 11 bankruptcy process and the Plan.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in that Voting Class votes to accept the Plan.  The Bankruptcy Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims and Interests in the Voting Class, among others.

You are receiving this ballot (the "Ballot") because your Nominee has identified you as a Beneficial Holder of a Second Lien Term Loan Claim in Class 4 (the "Voting Class") as of **April 21, 2023** (the "Voting Record Date").  Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package").  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto, including with respect to releases by Holders of Claims and Interests.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHICH YOU HAVE SUCH CLAIM(S).**

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 4 under the Plan*

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023.**

**Item 1.  Voting - Complete This Section.**

| **ITEM 1**: PRINCIPAL AMOUNT OF CLAIMS | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Claim(s) in the Voting Class as set forth below (your "Claims").  If you do not know the amount of your Class 4 Second Lien Term Loan Claim as of the Voting Record Date, please contact your Nominee for this information.  You may vote to accept or reject the Plan.  You must check the applicable box in the right-hand |
|---|---|

<table>
<tr><td colspan="4">column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted.

Please note that you are voting all of your Claims in the Voting Class either to accept or reject the Plan.  You may not split your vote in the Voting Class.  If you do not indicate that you either accept or reject the Plan in the Voting Class by checking the applicable box below, your vote in the Voting Class will not be counted.  If you indicate that you both accept and reject the Plan for the Voting Class by checking both boxes below, your vote in the Voting Class will not be counted.

The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor.  Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.

The Beneficial Holder of the Claim(s) in the Voting Class set forth below votes to (*please check one and only one box per applicable Voting Claim or Interest*):</td></tr>
</table>

| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
|---|---|---|---|
| Class 4 | Second Lien Term Loan Claims | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN <br><br> ☐ REJECT (VOTE AGAINST) THE PLAN |

**Item 2.  Important Information Regarding Releases under the Plan.**[4]

Article VIII.C of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

> **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed, hereby conclusively, absolutely, unconditionally, irrevocably and forever released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, from any and all Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates, including any successors to the Debtors or any Estate's representative appointed or selected pursuant to section 1123(b) of the Bankruptcy Code, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against or Interest in a Debtor or other Entity, or that any holder of any Claim against or Interest in a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the**

---

[4]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  You should read the Plan before completing this Ballot.

Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan; or (c) any matters retained by the Debtors and the Reorganized Debtors pursuant to the Schedule of Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is:  (a) in exchange for the good and valuable consideration provided by the Released Parties, including, the Released Parties' contribution to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for a hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

As of the Effective Date, each Releasing Party is deemed to have, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof or otherwise), the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Document, or any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement and the New RCF, as applicable) executed to implement the Plan or the Restructuring Transactions; or (b) the rights of any Holder of Allowed Claims to receive distributions under the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the Claims

**released by the Third-Party Release; (e) in the best interests of the Debtors their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for a hearing; and (h) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.**

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "***RELATED PARTIES***" MEANS, WITH RESPECT TO AN ENTITY, COLLECTIVELY, (A) SUCH ENTITY'S CURRENT AND FORMER AFFILIATES AND (B) SUCH ENTITY'S AND SUCH ENTITY'S CURRENT AND FORMER AFFILIATES' DIRECTORS, MANAGERS, OFFICERS, SHAREHOLDERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS (WHETHER BY OPERATION OF LAW OR OTHERWISE), SUBSIDIARIES, CURRENT, FORMER, AND FUTURE ASSOCIATED ENTITIES, MANAGED OR ADVISED ENTITIES, ACCOUNTS OR FUNDS, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS, MANAGERS, FIDUCIARIES, TRUSTEES, EMPLOYEES, AGENTS (INCLUDING ANY DISBURSING AGENT), ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, OTHER REPRESENTATIVES, AND OTHER PROFESSIONALS, REPRESENTATIVES, ADVISORS, PREDECESSORS, SUCCESSORS, AND ASSIGNS, EACH SOLELY IN THEIR CAPACITIES AS SUCH (INCLUDING ANY OTHER ATTORNEYS OR PROFESSIONALS RETAINED BY ANY CURRENT OR FORMER DIRECTOR OR MANAGER IN HIS OR HER CAPACITY AS DIRECTOR OR MANAGER OF AN ENTITY), AND THE RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS AND NOMINEES OF THE FOREGOING.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS EACH OF, AND IN EACH CASE IN THEIR CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; (E) THE RELEASING PARTIES; AND (F) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (E); PROVIDED, THAT ANY HOLDER OF A CLAIM OR INTEREST THAT OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASED PARTY."

UNDER THE PLAN, "***RELEASING PARTY***" MEANS EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE CONSENTING STAKEHOLDERS; (D) THE AGENTS; (E) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT THE PLAN; (F) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE PRESUMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (H) ALL HOLDERS OF CLAIMS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (I) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSES (A) THROUGH (I)  FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; PROVIDED THAT, FOR THE AVOIDANCE OF DOUBT, EACH HOLDER OF CLAIMS AND/OR INTERESTS THAT IS PARTY TO OR HAS OTHERWISE SIGNED THE RESTRUCTURING SUPPORT AGREEMENT SHALL NOT OPT OUT OF THE RELEASES.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES:</u>**

AS A HOLDER OF THE CLAIMS IN THE VOTING CLASS IDENTIFIED IN ITEM 1, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT, ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN IF:  (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE RELEASES; <u>AND</u> (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT OUT BY THE VOTING DEADLINE.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION, SUBJECT TO ANY OBLIGATION YOU MAY HAVE UNDER THE RESTRUCTURING SUPPORT

5

AGREEMENT.  BY OPTING OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

☐    **By checking this box, the Holder of the Claims identified in Item 1 elects to opt out of the Third-Party Release.**

Article VIII.F of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Notwithstanding anything contained in the Plan to the contrary, to the fullest extent permitted by applicable law, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to or arising out of the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, or any Restructuring Transaction, contract, instrument, release or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the Takeback Exit Facility, the New RCF, the New Common Stock, the New Warrants, the New Warrant Agreement, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Article VIII.G of the Plan establishes an injunction (the "**Injunction**"):

**Effective as of the Effective Date, all Entities that have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities; (4) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities unless such Holder has filed a motion requesting the right to perform such setoff on or before the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action, or liabilities released, settled or subject to exculpation pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Restructuring Transactions (including under the Takeback Exit Facility and the New RCF, as applicable), or any document, instrument, or agreement (including those set forth in the Plan Supplement, the Takeback Exit Facility, and the New RCF, as applicable) executed to implement the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.F of the Plan.**

**Item 3. Certification of Claims in the Voting Class Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claims identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Claims in the Voting Class identified in Item 1 owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table. **To be clear, if any Beneficial Holder holds Claims in a Voting Class through one or more Nominees, such Beneficial Holder must identify all Claims in the Voting Class held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 3 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF THE SAME VOTING CLASS

| Account Number of Other Claims Voted in the Voting Class | Name of Owner[5] | Principal Amount of Other Claims Voted in the Voting Class | CUSIP of Other Claims Voted in the Voting Class |
|---|---|---|---|
| Class 4 – Second Lien Term Loan Claims | | | |
| | | | |
| | | | |
| | | | |
| | | | |

---

[5]    **Insert your name if the Claims in the respective Voting Class are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank and their DTC Participant Number.**

**Item 4. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.    as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of the Claims in the Voting Class set forth in Item 1;

b.    the Beneficial Holder has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.    the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.    the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Claims in the Voting Class;

e.    the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.    the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of the Claims in the Voting Class set forth in Item 1 held by the Beneficial Holder as of the Voting Record Date with any Nominee through which the Beneficial Holder holds its the Claims in the Voting Class set forth in Item 1 and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Company's records shall control; and

g.    the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

**Item 5.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____

(*print or type*)

DTC Participant Number:_____

Signature:_____

Name of Signatory:_____

(*if other than Beneficial Holder*)

Title: _____

Address:_____

_____

_____

Date Completed:_____

Email Address:_____

**THE VOTING DEADLINE IS 5:00 P.M., PREVAILING EASTERN TIME, ON MAY 16, 2023.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN THE ENVELOPE PROVIDED OR OTHERWISE IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE SOLICITATION OR VOTING PROCESS, PLEASE CONTACT THE SOLICITATION AGENT AT (888) 481-0009 (U.S. AND CANADA TOLL FREE) OR +1 (747) 293-0012 (INTERNATIONAL) OR LCIINQUIRIES@OMNIAGNT.COM. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

## <u>VOTING INSTRUCTIONS</u>

1.  As described in the Disclosure Statement, the Company is soliciting the votes of Beneficial Holders of Class 4 Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and the Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

2.  The Plan may be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Interests in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 1 of the Ballot; and (c) **<u>sign and return the Ballot</u> in accordance with the instructions received, <u>so that a Master Ballot cast on your behalf is actually received by the Solicitation Agent by the Voting Deadline</u>**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Solicitation Agent so that it is <u>actually received</u> by the Voting Deadline. Your Nominee is authorized to disseminate the Solicitation Packages and voting instructions to, and collect voting information from, Beneficial Holders according to its customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

    If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot to your Nominee, including all certifications.

4.  The time by which a Ballot or Master Ballot including your vote is **<u>actually received</u>** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **<u>The Voting Deadline is May 16, 2023, at 5:00 p.m., prevailing Eastern Time</u>**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Company determines otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to ensure timely delivery. No Ballot should be sent to the Company or the Company's financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.  The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.  If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8.  If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not

surrender certificates or instruments representing or evidencing their Claims, and the Company will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.     The Ballot does not constitute, and shall not be deemed to be:  (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim.

11.     Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.     You must vote your entire Claim in the Voting Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan as to the Voting Class will not be counted as a vote to accept or reject the Plan as to that Class.

13.     Any Ballot that is properly completed, executed, and timely returned to the Company that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.     If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims or Interests indicated on that Ballot.  Please complete and return each Ballot you receive.

16.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

_____

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent at lciinquiries@omniagnt.com OR call (888) 481-0009 (U.S. AND CANADA TOLL FREE) OR +1 (747) 293-0012 (INTERNATIONAL).**

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>**

**Exhibit A**

*Please check one box below to indicate the CUSIP/ISIN to which this Beneficial Ballot pertains.  If you check more than one box below you risk having your vote invalidated.*

| | DESCRIPTION | CUSIP / ISIN |
|---|---|---|
| | **Class 4 - Second Lien Term Loan Claims** | |
| ☐ | [●] | [●] |
| ☐ | [●] | [●] |
| ☐ | [●] | [●] |